

**FILED**

DEC 23 2025 SJS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES FEDERAL DISTRICT COURT
### OF NORTHERN DISTRICT OF ILLINOIS, IN CHICAGO
### 219 SOUTH DEARBORN STREET, CHICAGO, IL 60604

| | |
|---|---|
| **Leonard Nyamusevya and Estate of Simeon Underhill Bihesi** Individually and as administrator of the estate of his son Former U.S. Marine Simeon Underhill Bihesi, deceased, P.O. Box 314 Reynoldsburg, Ohio 43068 (614) 323-5898 *nyaleo@hotmail.com*       Plaintiffs *pro-se*    -vs- | Case No: 1:25-cv-14924 <br><br> Judge Lindsay C. Jenkins <br><br> Magistrate Judge: |
| **PROGRESSIVE GROUP OF INSURANCE CO.** 300 North Commons Blvd., Mayfield Village, OH 44143 The Progressive Group of Insurance Companies       Defendant, | **AMENDED COMPLAINT For Willful, Racially and Discriminatory Violation of Civil Rights, Conspiracy and Bad Faith Act and Unlawful Enrichment.** |
| **ROGER HAYNES** Claims Generalist Associate 841 Cromwell Park Dr, Suite 150 Glen Burnie, MD 21061 The Progressive Group of Insurance Companies Office: 410-412-9187 Fax: 844-268-4650 *roger_haynes@progressive.com*       Defendant, | |
| **DELORI TRICE** Claims Supervisor at Progressive Insurance Company 841 Cromwell Park Dr, Suite 150 Glen Burnie, MD 21061 The Progressive Group of Insurance Companies Office: 410-412-9137 Fax: 844-268-4650 *delori_trice@progressive.com*       Defendant, | **Plaintiff Consents to Magistrate Judge Authority** <br><br> **Demand for Jury Trial** *(Jury Trial Demand Endorsed)* Under Fed. R. Civ. P. 38(b). |
| **CHYNA MOORMAN** Claims Generalist PO Box 94670 Cleveland, OH 44101-9919 | |

1

The Progressive Group of Insurance Companies | 
Office: 443-425-3703 | 
Fax: 844-268-4650 | 
*Chyna_Moorman@progressive.com* | 
           Defendant, | 
 | 
 | 
**JENNIFER JONES** | 
Claims Generalist Associate | 
841 Cromwell Park Dr, Suite 150 | 
Glen Burnie, MD 21061 | 
The Progressive Group of Insurance Companies | 
*jjones76@progressive.com* | 
           Defendant. | 
 | 

## AMENDED COMPLAINT FOR WILLFUL, RACIALLY AND DISCRIMINATORY VIOLATION OF CIVIL RIGHTS AND CONSPIRACY AND BAD FAITH ACT AND UNLAWFUL ENRICHMENT

## INTRODUCTION

1. On 09/02/2024, Plaintiff's son was killed as a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s act denying to urgently providing a rental car to Plaintiff, for moving Plaintiff's son to a safer place in Springfield, in the State of Illinois.

2. This lawsuit is one of the saddest and most shocking cases this U.S. Federal District Court is likely to address. On 09/02/2024, a devastating tragedy happened in Cook County, in Forest Park, in Chicago in the State of Illinois, in a commuter train, where 4 innocent victims were killed, including Plaintiff's son, because Defendant Progressive Group of Insurance Companies, et al., denied to provide a rental car to Plaintiff for moving Plaintiff's son to a safer place; consequently, Plaintiff's son died on 09/02/2024, in the State of Illinois (Exhibit 3).

3. During the 03/26/2024, car accident settlement process obligating Defendant Progressive Group of Insurance Companies, et al., to compensate Plaintiff for property damages, cargo and tools and other damages including timely providing a rental car to Plaintiff; hence, Plaintiff experienced the impact of an egregious conspiracy for an established and organized racial discrimination in the 03/26/2024, car accident settlement process, by Defendant Progressive Group of Insurance Companies, et al., in meeting of mind and jointly with J.D Power Mitchell, which interfered with and extinguished Plaintiff's protected federal constitutional right to own, use, enjoy, occupy, load and drive his 2001 Chevrolet Suburban LT.

4. Plaintiff endured a seriously protracted, unsettled, sluggish, belated, discriminatory, infuriating and hostile car accident settlement process by Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell, in which J.D Power Mitchell makes the final say of the claims settlement amount.

2

5. This lawsuit is not "an insurance coverage dispute" as it was erroneously held by this Court on 12/11/2025 as follows: "The claims, at bottom, concern an insurance coverage dispute" (Exhibit 11) at the bottom of page 2. This lawsuit is a vehicle for Plaintiff to seek redress, justice and relief against Defendant Progressive Corporation, et al., (also known as Progressive Insurance Company or the Progressive Group of Insurance Companies), hereinafter Defendant Progressive Group of Insurance Companies, et al.

6. Plaintiff did not "file an insurance claim with Defendant Progressive Group of Insurance Companies, et al.," as it was erroneously held by this Court on 12/11/2025 as follows: "Nyamusevya filed an insurance claim with Progressive Insurance and spoke by telephone with Progressive employees Chyna Moorman, Jennifer Jones, Roger Haynes and Delori Trice, each of whom he names as Defendants in this case" (Exhibit 11) on page 1.

7. Based on the attached evidentiary fact (Exhibit 12); thus, the members of the jury should find that Plaintiff clearly alleged that on 03/27/2024, Defendant Jennifer Jones of Progressive Group of Insurance Companies contacted Plaintiff electronically by text message and informed Plaintiff that Jennifer Jones was assigned to handle Claim Number 24-999926045 (Exhibit 12).

8. Based on the attached evidentiary fact (Exhibit 12); thus, the members of the jury should find that Plaintiff clearly alleged that "under its obligated and mandatory good faith requirement under insurance law and the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes; thus, on 03/27/2024, at 12:19 PM eastern time through a text message, Defendant Jennifer Jones who can be reached electronically by email at *Jjones76@progressive.com*, and at direct dial phone number 240-772-3016 and toll-free phone number 800-274-4499 provided Claim Number 24-999926045 to Plaintiff, to settle Plaintiff's damages and losses as shown below as follows:

> Hello Leonard Nyamusevya, my name is Jennifer Jones and I have been assigned to handle the above referenced claim. I tried to give you a call but could not get through to you. Please respond to this message with the best time to call you so we can discuss the claim as well as with any photos you have of your vehicle damages and any other information pertaining to your claim. I am available M-F 8:00am - 5:00pm. My direct dial is 240-772-3016 Email: JJones76@Progressive.

9. Plaintiff alleges that on 03/27/2024, Defendant Progressive Group of Insurance Companies, et al., admitted to settle its insured's at fault claims and damages related to 03/26/2024, automobile accident (Exhibit 1), which involved Plaintiff's 2001 Chevrolet Suburban 1500 LT and the cargo (Exhibit 2) and other related losses (Exhibit 3), damages and accumulated losses.

10. Based on the attached evidentiary fact (Exhibit 12); thus, the members of the jury should find that on 03/27/2024, Defendant Progressive Group of Insurance Companies, et al., admitted to settle its insured's liabilities for wronging Plaintiff; and thus, prevented Plaintiff to sue its insured, who could be named as a Defendant in this lawsuit.

11. Plaintiff alleges that Defendant Progressive Group of Insurance Companies, et al.'s towing company contractor must be a witness and could be named as a Defendant in this lawsuit.

12. Plaintiff did not allege that "Progressive's contractor took possession of the car, depriving Nyamusevya of its use and failed to compensate him," as it was erroneously held by this Court on 12/11/2025 as follows: "Nyamusevya alleges that his vehicle was towed by 'Progressive's contractor' while in Columbus, and that Progressive's contractor took possession of the car, depriving Nyamusevya of its use and failed to compensate him" (Exhibit 11).

13. Plaintiff alleges that during the settlement of claims process; thus, Exhibit 4 correctly and convincingly substantiates that on 09/06/2024, Defendant Progressive Group of Insurance Companies, et al., took possession of Plaintiff's 2001 Chevrolet Suburban LT, which was towed by Defendant Progressive Group of Insurance Companies, et al.'s towing company contractor "Broad and James Towing Company" on 09/06/2024, at 1577 Genessee Avenue, Columbus, Ohio 43211 (Exhibit 4), and was not towed on Kelton Avenue in Columbus, Ohio.

14. On 09/06/2024, Defendant Progressive Group of Insurance Companies, et al., took possession of Plaintiff's 2001 Chevrolet Suburban LT, and deprived Plaintiff of its use and failed to compensate him (Exhibit 4), in violation of Plaintiff's federal constitutional right to own, use, occupy and enjoy his 2001 Chevrolet Suburban LT, and violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes, without the power and authority to deprive Plaintiff's 2001 Chevrolet Suburban LT (Exhibit 4) without just compensation.

15. Plaintiff and his son left the State of Ohio prior to the 03/26/2024, car accident that involved Plaintiff's 2001 Chevrolet Suburban LT (Exhibit 1); consequently, this Court is wrong for holding as follows: "At some point following these events, Nyamusevya and his son left Ohio and moved to Illinois, where he currently resides" (Exhibit 11).

16. In violation of insurance law and the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes and Plaintiff's federal constitutional right, to date Defendant Progressive Group of Insurance Companies, et al., committed an ongoing, discriminatory, unconstitutional, unlawful and protracted conspiracy to wrong Plaintiff and caused Plaintiff to suffer irreparable damages.

17. At all times relevant, Defendant Progressive Group of Insurance Companies, et al., committed Bad Faith act and violation against Plaintiff, and unconstitutionally, discriminatorily, unlawfully and willfully "interfered," "violated" and "extinguished" Plaintiff's federal constitutional rights to own, possess, use, occupy and enjoy driving Plaintiff's 2001 Chevrolet Suburban 1500 LT and use his tools, and falsely lied that Plaintiff lived on Kelton Avenue.

18. Plaintiff cannot settle for a monetary amount of less than $10,000,000.00 (ten million dollars) against Defendant Progressive Group of Insurance Companies, et al., for the damages and 09/02/2024, death of Plaintiff's son (Exhibit 3), as it will be allowed at a jury trial. To date Plaintiff is deprived of his transportation and cannot use his tools and cannot make income and Plaintiff's deceased son cannot make any income.

19. Because Defendant Progressive Group of Insurance Companies, et al., denied to provide a rental car to Plaintiff to move his son from Cook County in Chicago in the State of Illinois; thus, the members of the jury should decide that Plaintiff's son: Former U.S. Marine Simeon Underhill Bihesi died (Exhibit 3) on 09/02/2024, in Cook County, in Forest Park, in Chicago, in the State of Illinois as a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.

20. Former U.S. Marine Simeon Underhill Bihesi could be alive today if in good faith Defendant Progressive Group of Insurance Companies, et al., timely provided a rental car to Plaintiff upon request to remove Plaintiff's son from Cook County, in Forest Park, in Chicago, in the State of Illinois.

21. Defendant Progressive Group of Insurance Companies, et al., denied to provided a rental car to Plaintiff upon request to remove Plaintiff's son from Cook County, in Forest Park, in Chicago, in the State of Illinois; consequently, as a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s bad faith act against Plaintiff; consequently, Former U.S. Marine Simeon Underhill Bihesi is permanently not alive today; hence, at the jury trial, the members of the jury will be asked to unanimously award a monetary amount greater than $10,000,000.00 to Plaintiff.

22. Effective 03/27/2024, Defendant Progressive Group of Insurance Companies, et al., called Plaintiff and calls were recorded. Plaintiff states that the member of the jury should hear the phone calls recorded conversation between Defendant Progressive Group of Insurance Companies, et al., and Plaintiff, to decide that Plaintiff timely demanded a rental car from Defendant Progressive Group of Insurance Companies, et al., and Defendant Progressive Group of Insurance Companies, et al., denied to provide to Plaintiff a rental car, consequently, Plaintiff was irreparably damaged with irreparable losses and the 09/02/2024, death of Plaintiff's son.

23. Plaintiff never lived at 708 Kelton Avenue, Columbus, Ohio 43201. Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell cannot provide any evidentiary fact for showing that Plaintiff ever lived at 708 Kelton Avenue, Columbus, Ohio 43201.

24. To protect Plaintiff's federal constitutional right to own his 2001 Chevrolet Suburban; thus, at the jury trial, the member of the jury will find that Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell cannot provide any evidentiary fact for showing that Plaintiff ever lived at 708 Kelton Avenue, Columbus, Ohio 43201.

25. Plaintiff cannot get redress, justice and relief in the State of Ohio. In a telephone conversation with Defendant Delori Trice: Claims Supervisor at Progressive Group of Insurance Companies, Plaintiff heard in the background being reported to Defendant Delori Trice that based on the zip code 43211, a search was completed and found Plaintiff to be a Black, African American living in a poor neighborhood of Columbus, Ohio and that Defendant Progressive Group of Insurance Companies, et al.'s attorney will defeat Plaintiff by making existing law

5

unavailable against Plaintiff, for Defendant Progressive Group of Insurance Companies, et al., to deny negotiating the claims settlement amount and to only provide a lowball settlement of claims amount of $2,977.76 to Plaintiff, without any signed release of claims document.

26.     Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell falsely and misleadingly listing that Plaintiff lives at 708 Kelton Avenue, Columbus, Ohio 43201, in zip code 43201 (Exhibit 7) is a malicious bad faith act to deprive without just compensation Plaintiff's 2001 Chevrolet Suburban and cargo and tools and to interfere with, deprive and extinguish Plaintiff's U.S. constitutional right to own, possess, use, occupy, drive and enjoy his 2001 Chevrolet Suburban LT (Exhibit 15).

27.     Plaintiff's Chevrolet Suburban LT was towed at 1577 Genessee Avenue, Columbus, Ohio 43211 (Exhibit 4) and not on Kelton Avenue, in Columbus, Ohio. Plaintiff is providing a copy of the email which was sent to Defendant Jennifer Jones on 03/27/2024, at 6:06 PM Eastern time (Exhibit 10), for providing it as evidence (Exhibit 10) that Plaintiff provided the address where to find his 2001 Chevrolet Suburban and damaged cargo and damaged tools as follows:

Dear Jennifer Jones:

Should you want to see my car, you can find it at 1577 Genessee Avenue, Columbus, Ohio 43211.

28.     Plaintiff lawfully possesses the title to his 2001 Chevrolet Suburban LT (Exhibit 15), which is now wholly deprived, usurped, confiscated, seized and taken by Defendant Progressive Group of Insurance Companies, et al., through its meeting of minds conspiracy with J.D Power Mitchell, in the claims settlement process; consequently, to date Plaintiff lacks his 2001 Chevrolet Suburban LT and cannot get a replacement car through the claims settlement process for being Black, African American and living in a poor neighborhood zip code 43211, in Columbus, in the State of Ohio.

29.     Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell falsely listing that Plaintiff lives at 708 Kelton Avenue, Columbus, Ohio 43201, in zip code 43201is a dishonest bad faith act to conceal the recorded phone conversation that based on the zip code 43211, where Plaintiff's 2001 Chevrolet Suburban LT was towed on 09/06/2024 (Exhibit 4), a racial discrimination search was completed and found Plaintiff to be a Black, African American living in a poor neighborhood of Columbus, Ohio.

30.     On 04/09/2024, upon Defendant Jennifer Jones' request for accident photos as follows: "From Jennifer Jones: Hello Mr. Nyamusevya, please respond to this text message with the photos of your vehicle damages (Exhibit 8);" therefore, on 04/09/2024, Plaintiff timely sent to Defendant Jennifer Jones the pictures for Plaintiff's Chevrolet Suburban damages and cargo damages and asked for a rental car. To printing Defendant Jennifer Jones' text message requesting for accident photos; thus, Plaintiff emailed to himself Defendant Jennifer Jones' 04/09/2024, text message requesting accident photos, for providing it as evidence (Exhibit 14).

6

31.     On 03/27/2024, it is Defendant Progressive Group of Insurance Companies, et al., who opened Plaintiff's insurance settlement claim number 24-999926045. Defendant Jennifer Jones sent a text message to Plaintiff on 03/27/2024 (Exhibit 12). To printing Defendant Jennifer Jones' 03/27/2024, initial text message for being assigned to handle claim number 24-999926045; thus, Plaintiff emailed to himself Defendant Jennifer Jones' 03/27/2024, text message, for providing it as evidence (Exhibit 12).

32.     Exhibit 8 shows that Defendant Progressive Group of Insurance Companies, et al., failed to provide a rental car to Plaintiff to date and failed to provide just settlement money for purchasing a used car to date; consequently, Plaintiff suffered damages.

33.     Exhibit 9 shows that based on the 04/10/2024, repair estimate of $9,233.40; hence, Defendant Progressive Group of Insurance Companies, et al., declared that Plaintiff's 2001 Chevrolet Suburban was a total loss and needed to tow it to its facility. In an 03/27/2024, email to Defendant Jennifer Jones and Defendant Progressive Group of Insurance Companies, et al., Plaintiff provided to Defendant Jennifer Jones and Defendant Progressive Group of Insurance Companies, et al., the address at 1577 Genessee Avenue, Columbus, Ohio 43211, where Plaintiff's 2001 Chevrolet Suburban LT and damaged cargo and damaged tools was parked (Exhibit 10). Plaintiff never lived on Kelton Avenue in Columbus, Ohio.

34.     Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D Power Mitchell lack any evidentiary fact for proving that Plaintiff lived at 708 Kelton Avenue, Columbus, Ohio 43201. On 03/26/2024, Plaintiff's 2001 Chevrolet Suburban was briefly parked on the street where the accident occurred on Kelton Avenue, Columbus, Ohio 43201.

35.     To dishonestly and forcibly coerce Plaintiff to desperately accept a lowball offer to settle claims in the amount of $2,977.76; therefore, Defendant Progressive Group of Insurance Companies, et al., committed an unlawful, false and unconstitutional conspiracy to deprive Plaintiff's 2001 Chevrolet Suburban 1500 LT, in meeting of minds with J.D Power Mitchell by falsely mentioning Plaintiff's address as 708 Kelton Avenue, Columbus, Ohio 43201 (Exhibit 7), disregarding that on 03/27/2024, Plaintiff provided to Defendant Jennifer Jones and Defendant Progressive Group of Insurance Companies, et al., the address at 1577 Genessee Avenue, Columbus, Ohio 43211.

36.     With nothing more, the fact that the 03/26/2024, car accident happened on Kelton Avenue cannot imply or cannot substantiate that Plaintiff ever lived at 708 Kelton Avenue, Columbus, Ohio 43201. At the jury trial, the members of the jury should decide that Plaintiff has no connection with 708 Kelton Avenue, Columbus, Ohio 43201; and is not related to 708 Kelton Avenue, Columbus, Ohio 43201.

37.     Based on the evidentiary facts, at the jury trial, the members of the jury should decide that being declared a total loss vehicle, Defendant Jennifer Jones and Defendant Progressive Group of Insurance Companies, et al., instructed their towing contractor to tow Plaintiff's 2001 Chevrolet Suburban 1500 LT at 1577 Genessee Avenue, Columbus, Ohio 43211 (Exhibit 4 and Exhibit 10), and not at 708 Kelton Avenue, Columbus, Ohio 43201.

7

38. Based on Plaintiff being Black and living in a poor neighborhood zip code 43211; hence, Defendant Progressive Group of Insurance Companies, et al.'s meeting of minds conspiracy with J.D. Power Mitchell consisted of racially and discriminatory use outrageous tactics to forcibly coerce Plaintiff to desperately settle claims for a lowball offer of $2,977.76, by making decisions that hurt Plaintiff's claims; and by dragging out the claims settlement process as long as possible, to willfully cause Plaintiff's suffering of hopelessness (Exhibit 16), frustration, unhappiness, anger, lack of income, death of Plaintiff's son (Exhibit 3), starvation, malnourishment, poverty, health problems, emotional distress and mental anguish for Plaintiff to accept the lowball offer of $2,977.76, with nothing more, without compensating the damaged cargo; without compensating for seriously accumulated car rental expenses from 03/26/2024 to present; without compensating for damaged tools and without any signed release document for all claims.

39. Plaintiff attaches to this First Amended Complaint all the Exhibits and document that were attached to the original Complaint and makes them part of the First Amended Complaint.

40. Plaintiff provides his phone for the members of the jury to read text messages from Defendant Jennifer Jones and Defendant Progressive Group of Insurance Companies, et al., to make them admitted into evidence.

41. Phone calls between Defendant Progressive Group of Insurance Companies, et al., and Plaintiff were recorded; consequently, the members of the jury should get access and hear the recorded phone calls between Defendant Progressive Group of Insurance Companies, et al., and Plaintiff; thus, the recorded phone calls between Defendant Progressive Group of Insurance Companies, et al., and Plaintiff that are in custody of Defendant Progressive Group of Insurance Companies, et al., should be admitted into evidence if they are genuine and not redacted.

42. The attached exhibits should be admitted into evidence for the members of the jury to reach an impartial verdict for the parties.

43. Each member of the jury must be a parent, own a car, be a member of a minority group and skin colored and had been involved in an insurance car settlement process, for Plaintiff's U.S. constitutional due process and equal protection under the law right.

44. For Plaintiff's federal constitutional right for due process and equal protection under the law rights; therefore, Defendant Progressive Group of Insurance Companies, et al.'s towing company contractor "Broad and James Towing Company" "MUST APPEAR TO TESTIFY" before the members of the jury at the jury trial that Plaintiff's Chevrolet Suburban LT was towed at 1577 Genessee Avenue, Columbus, Ohio 43211 (Exhibit 4) and not on Kelton Avenue, in Columbus, Ohio, and never returned it back at 1577 Genessee Avenue, Columbus, Ohio to date.

45. Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al., arise under the U.S. Constitution and the laws and statutes of Ohio and the United States and presents federal question for jurisdiction to resolve a substantial question of federal law known as Plaintiff's federal constitutional right to own, use, drive and occupy his 2001 Chevrolet

8

Suburban LT, which Plaintiff did not get back at all, after Defendant Progressive Group of Insurance Companies, et al., took it, and interfered with Plaintiff's right to own it.

46.     The members of the jury should decide that Plaintiff being a Black person and living in a poor neighborhood zip code 43211 cannot reasonably justify Defendant Progressive Group of Insurance Companies, et al.'s denial to timely provide a rental car to Plaintiff to move his son from Forest Part in Chicago, in the State of Illinois to a safer place; and cannot justify the denial to negotiate a fair, just and reasonable settlement of claims amount; and cannot justify the protracted delay for settling the claims in good faith.

## NATURE OF THE ACTION

47.     Plaintiff brings this action under 42 U.S.C. §§ 1985(3): Conspiracy to Interfere with Civil Rights for deprivation of Plaintiff's rights and privileges; and 28 U.S.C. §§ 1343(a)(1)-(a)(2): Violation of Civil Rights for Plaintiff's redress to seek justice and damages; and the United States Constitution to remedy the unlawful and unconstitutional racial discrimination and a joint conspiracy to interfere, violate and extinguish Plaintiff's federal constitutional rights to own, possess, use and enjoy his 2001 Chevrolet Suburban LT, and use his tools to make income, in the 03/26/2024, car accident claims settlement process by Defendant Progressive Group of Insurance Companies, et al., in which only conspirator J.D. Power Mitchell sets the final lowball claims settlement amount on behalf of Defendant Progressive Group of Insurance Companies, et al.

48.     On 03/26/2024, Plaintiff was driving on Kelton Avenue in Columbus, Ohio heading to Cook County, in Forest Park, in Chicago, in the State of Illinois to move his son from Forest Park to Springfield, in the State of Illinois. Plaintiff lawfully stopped on the side to adjust the right-side mirror; thereafter, Defendant Progressive Group of Insurance Companies, et al.'s insured customer became liable for wronging and causing damages to Plaintiff in the 03/26/2024, car accident (Exhibit 1); consequently, Plaintiff could not travel to Forest Park and lacked his own transportation and Plaintiff's tools and cargo were damaged; consequently, Plaintiff could not work and lost income. Plaintiff urgently needed a rental car to travel to Forest Park.

49.     Plaintiff's car was hit in the 03/26/2024, car accident (Exhibit 1) while on Kelton Avenue in Columbus, Ohio; thereafter, Plaintiff urgently asked for a rental car to Defendant Jennifer Jones; hence, to date Plaintiff never received a rental car, because of an established and organized racially and discriminatory conspiracy with meeting of minds of Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell.

50.     Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell's meeting of minds consists of unduly delaying the claims settlement process to induce Plaintiff into accepting a lowball settlement of claims in the amount of $2,977.76, as shown on Exhibit 5, with nothing more and with no required signed release of claim document, and without compensating Plaintiff for damaged cargo and damaged tools; thus, Defendant Progressive Group of Insurance Companies, et al., willfully inflicted profound economic impact to Plaintiff, and reputational damages and suffering of hopelessness and emotional harm and distress, which warrant an unanimous jury award of treble damages in favor of Plaintiff against

9

Defendant Progressive Group of Insurance Companies, et al., in excess of $10,000,000.00 as allowed by law.

51.     Defendant Progressive Group of Insurance Companies, et al.'s established and organized racially and discriminatory conspiracy with meeting of minds with its conspirator J.D. Power Mitchell affecting Plaintiff and causing the 09/02/2024, death of Plaintiff's son (Exhibit 3), erodes nationwide public trust and confidence in car accident insurance settlement claim process, demanding the members of the jury in this U.S. Federal District Court to put their shoes into Plaintiff's shoes and scrutinize the conspiracy that caused the denial of a car rental and the offering of the lowball settlement of claims amount of $2,977.76, to substantially remedy Plaintiff and to deter such abuse by Defendant Progressive Group of Insurance Companies, et al.

52.     Defendant Progressive Group of Insurance Companies, et al., in its meeting of minds conspiracy with its conspirator J.D. Power Mitchell established that Plaintiff can only and specifically get a replacement car from a nearby dealership of Kelton Avenue, and cannot buy a replacement car from eBay Motors Used Cars or Facebook Marketplace; hence, Defendant Progressive Group of Insurance Companies, et al., denied to direct Plaintiff where Plaintiff could buy a replacement Chevrolet Suburban LT at the price of $2,977.76. To date Plaintiff could not find a used replacement Chevrolet Suburban at the price of $2,977.76. Defendant Progressive Group of Insurance Companies, et al., denied to provide a replacement car to date.

53.     Defendant Progressive Group of Insurance Companies, et al., in its meeting of minds conspiracy with its conspirator J.D. Power Mitchell knows that Jdpower.com/cars-for-sale do not have and do not list any cheaper used replacement Chevrolet Suburban at the price of $2,977.76, to forcibly induce and coerce Plaintiff to desperately accept a lowball settlement of claims amount of $2,977.76, to interfere with, deprive, extinguish and block Plaintiff's federal constitutional right to possess and enjoy own personal transportation.

54.     To date Plaintiff cannot find from car dealerships a cheaper used replacement Chevrolet Suburban at the price of $2,977.76. Plaintiff's federal constitutional right to possess and enjoy his own personal Chevrolet Suburban is extinguished through an egregious and protracted claim settlement process by Defendant Progressive Group of Insurance Companies, et al., in its meeting of minds conspiracy with its conspirator J.D. Power Mitchell. Plaintiff had lost his ownership of his 2001 Chevrolet Suburban and had lost his U.S. constitutional right to own it.

55.     Defendant Progressive Group of Insurance Companies, et al., in its meeting of minds conspiracy with its conspirator J.D. Power Mitchell denied to purchasing any cheaper used replacement Chevrolet Suburban found by Plaintiff (Exhibit 13), to interfere with, deprive, extinguish and block Plaintiff's federal constitutional right to possess and enjoy his own personal Chevrolet Suburban.

56.     Defendant Progressive Group of Insurance Companies, et al., by Defendant Jennifer Jones knew the address where to find and order the towing of Plaintiff's 2001 Chevrolet Suburban LT (Exhibit 4 and Exhibit 10). The members of the jury should put their shoes into Plaintiff's shoes to understand that after 03/26/2024, the 04/09/2024, request of accident pictures

and information of the address where to find Plaintiff's 2001 Chevrolet Suburban by Defendant Progressive Group of Insurance Companies, et al., and by Defendant Jennifer Jones (Exhibit 14) is as follows:

> Hello Mr. Nyamusevya, please respond to this text message with the photos of your vehicle damages.

57.    The members of the jury should put their shoes into Plaintiff's shoes to understand that after 03/26/2024, at the 04/09/2024, request of accident pictures and information of the address where to find Plaintiff's 2001 Chevrolet Suburban by Defendant Progressive Group of Insurance Companies, et al., by Defendant Jennifer Jones; therefore, Plaintiff timely complied with Defendant Progressive Group of Insurance Companies, et al., and Defendant Jennifer Jones' request and timely sent on 04/09/2024, the requested accident pictures (Exhibit 14) and information and the collision repair estimate from a dealership (Exhibit 9), for claim settlement process, which was provided by Plaintiff on 04/09/2024, at 2:02 PM Eastern Time.

58.    Based on the evidentiary facts; thus, in a willful violation of the 5th and 13th and 14th Amendments to U.S. Constitution and willful, racial, discriminatory, unconstitutional and unlawful interference with, deprivation and extinguishment of Plaintiff's federal constitutional right to own, possess, use, occupy and drive his 2001 Chevrolet Suburban LT; thus, Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell's meeting of minds conspiracy is to unduly complicate the claims settlement process, denying to negotiate the claims settlement amount to wholly evade paying all liabilities; hence, Plaintiff is now before the members of the jury to reach a unanimous verdict based on the evidentiary facts.

## JURISDICTION AND VENUE

59.    This U.S. Federal District Court has original jurisdiction over all Counts against Defendant Progressive Group of Insurance Companies, et al., pursuant to 28 U.S.C. § 1331 because those claims arise under the United States Constitution and laws of the United States.

60.    This U.S. Federal District Court has jurisdiction under 28 U.S.C. § 1331 (federal question of Plaintiff's protected right to own his 2001 Chevrolet Suburban LT). This U.S. Federal District Court has federal subject-matter jurisdiction because Plaintiff's right to relief depends on a substantial question of federal law. Plaintiff asserts that any state forum will inadequately protect Plaintiff's federal constitutional rights to own his 2001 Chevrolet Suburban LT. Plaintiff has a federal right created by the U.S. Constitution and laws of the United States, which are essential element of Plaintiff's causes of action. This U.S. Federal District Court has the statutory and constitutional subject-matter jurisdiction and power to adjudicate this case.

> 28 U.S.C. § 1331 provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11

61.     This U.S. Federal District Court has jurisdiction under 28 U.S.C. § 1343(a)(3) (civil rights violations) for Defendant Progressive Group of Insurance Companies, et al.'s agreed and meeting of minds racial and discriminatory conspiracy with its conspirator J.D. Power Mitchell for willfully violating Plaintiff's 42 U.S.C. § 1985(a)(3) protected federal rights and for violating the 5th and 13th Amendments to U.S. Constitution in the claims settlement process; thereby, Defendant Progressive Group of Insurance Companies, et al., forcibly, racially, discriminatorily, unconstitutionally and unlawfully interfered with, deprived and extinguished Plaintiff's federal constitutional rights to own, enjoy, use, drive and occupy his 2001 Chevrolet Suburban LT; deprived and blocked Plaintiff's federal right to make income; deprived and blocked Plaintiff's federal constitutional right to possess and use his tools, and falsely listed Plaintiff as living on Kelton Avenue in Columbus, Ohio to threatening by force and coercion by subjugating Plaintiff to accept a lowball predetermined settlement of claims amount of $2,977.76, without signing any required release of claims document.

62.     This U.S. Federal District Court has jurisdiction under 42 U.S.C. § 1985(a)(3) (civil rights violations) because Defendant Progressive Group of Insurance Companies, et al., forcibly, racially, discriminatorily, unconstitutionally and unlawfully violated Plaintiff's 4th and 13th and 14th Amendments to U.S. Constitution and committed a civil conspiracy in meeting of minds with its conspirator J.D. Power Mitchell and interfered with, deprived and extinguished Plaintiff's federal constitutional rights to own, enjoy, use, drive and occupy his 2001 Chevrolet Suburban LT; interfered with, deprived and blocked Plaintiff's federal right to make income; interfered with, deprived and blocked Plaintiff's federal constitutional right to possess and use his tools.

63.     Under his federal constitutional right, Plaintiff invokes the jurisdiction for this U.S. Federal District Court under 28 U.S.C. § 1332. Plaintiff's justiciable controversy against Defendant Progressive Group of Insurance Companies, et al., exceeds $75,000.00. Plaintiff is a resident of the State of Illinois and Defendants are each a resident of different states of Ohio (OH) and Maryland (MD); thus, this U.S. Federal District Court has complete diversity jurisdiction under 28 U.S.C. § 1332, and the justiciable claim exceeds $75,000.

64.     Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff being the biological father and legal administrator of the estate of his son; thus, this U.S. Federal District Court of Northern District of Illinois has diversity of citizenship jurisdiction under 28 U.S.C. § 1332(c)(2), which mandates in pertinent part as follows:

> (2) The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal... under 28 U.S.C. § 1332(c)(2).

65.     This U.S. Federal District Court has jurisdiction over Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al., under 28 U.S.C. § 1391(b)(2) because the 09/02/2024, death of Plaintiff's son is the primary substantial part of the event for Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al., for Plaintiff to get justice, redress and relief in the State of Illinois under Plaintiff's 14th Amendment to U.S. Constitution right.

12

66. The United States Federal District Court of Northern District of Illinois, in Chicago has supplemental jurisdiction under 28 U.S.C. § 1367(a).

67. The United States Federal District Court of Northern District of Illinois, in Chicago has territorial jurisdiction over Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al., as a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s violations, interference, deprivation and extinguishment of Plaintiff's protected constitutional rights; hence, on 09/02/2024, Plaintiff's son was killed in Cook County, in Forest Park, in Chicago in the State of Illinois.

68. Plaintiff resides in the State of Illinois; thus, under the 14th Amendment to U.S Constitution, this U.S. Federal District Court has jurisdiction, as Plaintiff is a resident of the State of Illinois. Plaintiff became a resident of the State of Illinois effective February 10, 2023, and is domiciled in the State of Illinois; hence, this U.S. Federal District Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

69. The U.S. Federal District Court of Northern District of Illinois has jurisdiction to hear this case under 28 U.S.C. § 2201, the Declaratory Judgment Act. The U.S. Federal District Court of Northern District of Illinois has authority to enter a declaratory judgment and to provide to Plaintiff a temporary, preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201-2202, the All-Writs Act, and the Court's inherent equitable powers.

## THE PARTIES

## PLAINTIFF

70. Plaintiff, Leonard Nyamusevya (hereinafter "Plaintiff or Mr. Nyamusevya") is a U.S. citizen and parent, biological father, legal representative, executor and administrator of the estate of his deceased son Former U.S. Marine Simeon Underhill Bihesi, by Probate Court's Order.

## DEFENDANTS

71. **PROGRESSIVE GROUP OF INSURANCE COMPANIES, ET AL**

72. **CHYNA MOORMAN**
Claims Generalist
The Progressive Group of Insurance Companies

73. **JENNIFER JONES**
Claims Generalist Associate
The Progressive Group of Insurance Companies

74. **ROGER HAYNES**

13

Claims Generalist Associate

75. **DELORI TRICE**
Claims Supervisor at Progressive Insurance Company
The Progressive Group of Insurance Companies

76. Progressive Group of Insurance Companies, et al., and Chyna Moorman and Jennifer Jones and Roger Haynes and Delori Trice will be hereinafter "Defendant Progressive Group of Insurance Companies, et al."

## CAUSES OF ACTION

## COUNT 1: 5th AMENDMENT TO U.S. CONSTITUTION VIOLATION (UNREASONABLE SEIZURE)

77. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

78. In an organized and established conspiracy with meeting of minds with its conspirator J.D. Power Mitchell; thus, Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, wronged Plaintiff and violated Plaintiff's 5th Amendment to U.S. Constitution.

79. Being a major nationwide insurance corporation; thus, Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, knew, knows and should have known that it acted unconstitutionally in bad faith against Plaintiff, knowingly that Plaintiff has a protected 5th Amendment to U.S. Constitution federal constitutional right, which provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

80. Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, unlawfully, unconstitutionally, discriminatorily, willfully and racially interfered with, deprived and extinguished Plaintiff's federal constitutional right to own and use his 2001 Chevrolet Suburban LT, and seized it, took it, deprived it and confiscated it without any due process and without any just compensation to Plaintiff's detriment, which caused Plaintiff's suffering of ongoing lack of income, hardship of living, economic hardship, starvation and intentional emotional distress.

14

81.     Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, unlawfully, unconstitutionally, discriminatorily, willfully and racially violated Plaintiff's 5th Amendment to U.S. Constitution right against unreasonable taking, usurpation, confiscation and deprivation of Plaintiff's 2001 Chevrolet Suburban LT, without any objective reasonableness, in violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes and Plaintiff's protected U.S. constitutional rights.

82.     Defendant Progressive Group of Insurance Companies, et al.'s 03/26/2024, accident claim settlement process entrapped Plaintiff, ambushed Plaintiff, injured Plaintiff, and benefited Defendant Progressive Group of Insurance Companies, et al., to Plaintiff's detriment, without any due process and without any just compensation.

83.     As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional act and deprivation, interference and extinguishment of Plaintiff's federal constitutional rights; therefore, Plaintiff's son was killed on 09/02/2024, because Defendant Progressive Group of Insurance Companies, et al., denied to providing a rental car to Plaintiff to date. Plaintiff's son had projects and business ventures that exceeded $10,000,000.00, which were lost because Plaintiff's son is dead and cannot make any income.

84.     As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional act and deprivation, interference and extinguishment of Plaintiff's federal constitutional rights; therefore, Plaintiff lacks any transportation to make income and lacks tools to make income; consequently, Plaintiff's damages exceed $10,000,000.00, which will be litigated and determined at the jury trial.

## COUNT 2: 14th AMENDMENT TO U.S. CONSTITUTION VIOLATION (PROCEDURAL DUE PROCESS)

85.     Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

86.     In an organized and established conspiracy with its conspirator J.D. Power Mitchell; thus, Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, wronged Plaintiff.

87.     Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, unlawfully, unconstitutionally, discriminatorily, willfully and racially violated and deprived Plaintiff's 14th Amendment to U.S. Constitution right of procedural due process by unreasonably seizing, taking, usurping, confiscating and depriving Plaintiff's 2001 Chevrolet Suburban LT and tools,

without notice and hearing, and without any due process and without any just compensation, and without any objective reasonableness, in violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes and Plaintiff's protected U.S. constitutional rights; thus, Plaintiff could not invest in any profitable project and lacked any transportation to make income and lacked tools; thus, Plaintiff's damages exceed $10,000,000.00, to be determined at the jury trial.

### COUNT 3: 14th AMENDMENT TO U.S. CONSTITUTION VIOLATION (SUBSTANTIVE DUE PROCESS)

88. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

89. In an organized and established conspiracy with its conspirator J.D. Power Mitchell; thus, Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, wronged Plaintiff.

90. Defendant Progressive Group of Insurance Companies, et al., on 09/06/2024, unlawfully, unconstitutionally, discriminatorily, willfully and racially violated and deprived Plaintiff's 14th Amendment to U.S. Constitution right of procedural due process by unreasonably seizing, taking, usurping, confiscating and depriving Plaintiff's 2001 Chevrolet Suburban LT and tools, without notice and hearing, and without any due process and without any just compensation, and without any objective reasonableness, in violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes and Plaintiff's protected U.S. constitutional rights; thus, Plaintiff could not invest in any profitable project and lacked any transportation to make income and lacked tools; thus, Plaintiff's damages exceed $10,000,000.00, to be determined at the jury trial.

### COUNT 4: DEPRIVATION OF PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHT TO OWN HIS 2001 CHEVROLET SUBURBAN LT

91. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

92. Defendant Progressive Group of Insurance Companies, et al., racially, discriminatorily, unlawfully and unconstitutionally **deprived** on 09/06/2024, Plaintiff's 2001 Chevrolet Suburban LT without any due process and without any just compensation, and without the right to deprive Plaintiff's 2001 Chevrolet Suburban LT (Exhibit 4) at Plaintiff's detriment.

93. Defendant Progressive Group of Insurance Companies, et al., racially, discriminatorily, unlawfully and unconstitutionally **deprived** on 09/06/2024, Plaintiff's 2001 Chevrolet Suburban LT because Plaintiff is a skin-colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in

Columbus, Ohio and being a victim of white-collar-crime; thus, Plaintiff could not invest in any profitable project and lacked any transportation to make income and lacked tools; thus, Plaintiff's damages exceed $10,000,000.00, to be determined at the jury trial.

94.     Plaintiff had a federal constitutional right to possess, enjoy, use, drive, occupy and load his 2001 Chevrolet Suburban; hence, Defendant Progressive Group of Insurance Companies, et al., lacks the power and authority to extinguish Plaintiff's federal constitutional right to possess, enjoy, use, drive, occupy and load his 2001 Chevrolet Suburban. Plaintiff's damages exceed $10,000,000.00; therefore, the members of the jury should truly be inclined in favor of Plaintiff by reaching a final verdict awarding an amount in excess of $10,000,000.00 to Plaintiff as allowed by law and to be determined at the jury trial. Plaintiff's son potentially could have made income exceeding billions of dollars, but he is now dead.

95.     Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement of claims process towed and took possession of Plaintiff's 2001 Chevrolet Suburban, after determination that it was a total loss and interfered, deprived and extinguished Plaintiff's federal constitutional right to own and drive his own transportation; to own and drive a replacement car; to own and use his own tools. Plaintiff is before this Court because Defendant Progressive Group of Insurance Companies, et al., denied to providing a fair settlement of claims; and denied to providing a replacement car; and denied to providing a rental car; and denied to providing tools for Plaintiff to make income.

96.     Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process was provided the address where to find and tow and take possession of Plaintiff's 2001 Chevrolet Suburban at 1577 Genessee Avenue, Columbus, Ohio 43211 and not at any address on Kelton Avenue.

97.     Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process found, towed and took possession of Plaintiff's 2001 Chevrolet Suburban at 1577 Genessee Avenue, Columbus, Ohio 43211 and not at any address on Kelton Avenue.

98.     Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **DID NOT RETURN** Plaintiff's 2001 Chevrolet Suburban at 1577 Genessee Avenue, Columbus, Ohio 43211, where it

was originally found and towed under Defendant Progressive Group of Insurance Companies, et al.'s instructions and obligated authority, for replacing or compensating Plaintiff's 2001 total loss Chevrolet Suburban.

99.     Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW** Plaintiff's 2001 Chevrolet Suburban was found and towed at 1577 Genessee Avenue, Columbus, Ohio 43211, and not at any address on Kelton Avenue.

100.    Because to date Plaintiff lacks a replacement of his 2001 Chevrolet Suburban; hence, based on the evidentiary facts; it is convincingly undisputed that the members of the jury should decide that Defendant Progressive Group of Insurance Companies, et al.'s willfully, discriminatorily, unlawfully, maliciously and unconstitutionally deprived Plaintiff's 2001 Chevrolet Suburban and seriously violated Plaintiff's federal constitutional rights to Plaintiff's detriment. The members of the jury should enter a final decision of more than $10,000,000.00 in favor of aggrieved, devastated, crying, unfortunate, angry, discriminated against and mourning Plaintiff, for the irreparable loss of Plaintiff's son, as a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional act against Plaintiff.

101.    Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **HAD** the obligation, power and financial means to prevent the death of Plaintiff's son.

102.    Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **DENIED** its obligation to inquire why timely and expeditiously providing a rental car to Plaintiff was of paramount importance, a life-saving priority and a **MUST-DO** insurance obligation to save the life of Plaintiff's son.

103.    Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW** that it was a violation of Plaintiff's federal constitutional rights to fail to provide a transportation as a rental car to Plaintiff, knowingly that Defendant Progressive Group of Insurance Companies, et al., deprived Plaintiff's federal constitutional right to travel to move his son to a safer place.

104. Based on the evidentiary facts; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **VIOLATED** 28 U.S.C. § 1343 and 42 U.S.C. § 1985(3) and the U.S. Constitution and Federal laws and statutes and Plaintiff's 5th and 13th Amendments to U.S. Constitution and Plaintiff's federal rights.

105. Exhibit 4 shows exactly where Defendant Progressive Group of Insurance Companies, et al.'s towing contractor towed Plaintiff's 2001 Chevrolet Suburban, in zip code 43211, in Columbus, Ohio for Defendant Progressive Group of Insurance Companies, et al., to take possession of it and deprived it from Plaintiff and denied to compensate Plaintiff to get another vehicle to the detriment of Plaintiff.

106. Effective 03/26/2024, Defendant Progressive Group of Insurance Companies, et al., deprived Plaintiff's federal constitutional rights to own, enjoy driving, use and occupy his 2001 Chevrolet Suburban, to date.

107. On 03/26/2024, Defendant Progressive Group of Insurance Companies, et al.'s insured customer damaged and totaled Plaintiff's 2001 Chevrolet Suburban LT, in a car accident; hence, Plaintiff was unable to drive and enjoy using his 2001 Chevrolet Suburban LT to date.

108. On 03/27/2024, Defendant Progressive Group of Insurance Companies, et al., opened an insurance claim case to compensate Plaintiff's damages and prevented Plaintiff from suing its insured customer; hence, Plaintiff was unable to drive and enjoy using his 2001 Chevrolet Suburban LT to date; therefore, the members of the jury should reach a final unanimous verdict awarding an amount in excess of $10,000,000.00 to Plaintiff as allowed by law, because Plaintiff's son will never come back again to financially contribute to benefiting Plaintiff.

## COUNT 5: CIVIL CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

109. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

110. Using a discriminatory tactic called "delaying claim settlement process" to affect Plaintiff living in poor Black neighborhood and "financially and stereotyped" poor zip codes 43211; thus, Defendant Progressive Group of Insurance Companies, et al., jointly with its conspirator J.D. Power Mitchell **willfully and maliciously in bad faith committed a conspiracy to interfere** with, refute, block and extinguish Plaintiff's protected federal constitutional right to own, occupy, use and enjoy his 2001 Chevrolet Suburban LT and his tools; consequently, today Plaintiff lost all hope to get his 2001 Chevrolet Suburban LT and to get his transportation and

freedom of life; hence, the members of the jury should truly and impartially award more than $10,000,000.00 to Plaintiff against Defendant Progressive Group of Insurance Companies, et al., for the 09/02/2024, death of Plaintiff's son (Exhibit 3), which occurred because of Defendant Progressive Group of Insurance Companies, et al., denial to timely provide a rental car to Plaintiff, for moving to a safer place Plaintiff's son prior to his death.

111. Defendant Progressive Group of Insurance Companies, et al., jointly with its conspirator J.D. Power Mitchell racially, discriminatorily, unlawfully and unconstitutionally committed on 09/09/2024, a racially motivated conspiracy to deprive Plaintiff's 2001 Chevrolet Suburban LT and his tools, without just compensation, and to violate Plaintiff's U.S. constitutional rights to possess, own, drive, enjoy and use his 2001 Chevrolet Suburban LT, in violation of 42 U.S.C. § 1985(3) and 28 U.S.C. § 1343(a)(1) and (a)(2) and the 5th and 13th Amendments to U.S. Constitution.

112. Defendant Progressive Group of Insurance Companies, et al., jointly with its conspirator J.D. Power Mitchell knew, ignored and refuted that Plaintiff has the federal constitutional right under the 5th Amendment to U.S. Constitution to own, possess, use and occupy his 2001 Chevrolet Suburban LT and tools; therefore, Defendant Progressive Group of Insurance Companies, et al., is wholly liable to Plaintiff as it will be decided by the jury in the amount of more than $10,000,000.00, for causing the 09/02/2024, death of Plaintiff's son.

113. The evidentiary facts will substantiate that Defendant Progressive Group of Insurance Companies, et al., jointly with its conspirator J.D. Power Mitchell willfully and discriminatory violated 42 U.S.C. § 1985(3) to interfere with Plaintiff's federal constitutional right and to seriously and maliciously deprive Plaintiff's federal constitutional right to own, possess and use his 2001 Chevrolet Suburban LT; and to induce Plaintiff into suffering of starvation, gross mental anguishes, gross emotional distress, gross financial hardship and irreparable loss of Plaintiff's son (Exhibit 3).

114. The evidentiary facts will substantiate that Defendant Progressive Group of Insurance Companies, et al., jointly with its conspirator J.D. Power Mitchell are financially strong and are partially favored in Courts' decisions for being white and financially powerful and influential against Plaintiff's detriment, and subjected to Plaintiff unfavorable Courts' decision on Plaintiff's detriment.

115.    In violation of the 5th and 13th Amendments to U.S. Constitution; hence, during the settlement process of the claims; thus, Defendant Progressive Group of Insurance Companies, et al., willfully engaged in a conspiracy with J.D. Power Mitchell to deprive Plaintiff's 2001 Chevrolet Suburban LT, without just compensation in violation of 42 U.S.C. § 1985(3) and 28 U.S.C. § 1343(a)(1)-(2), and seriously interfered with Plaintiff's federal constitutional rights, and seriously deprived Plaintiff's federal constitutional right to own, possess, use and occupy his 2001 Chevrolet Suburban LT.

116.    Defendant Progressive Group of Insurance Companies, et al., and J.D. Power Mitchell's conspiracy against Plaintiff was based to and consisted of determining and finding that Plaintiff lived in a poor Black neighborhood zip code 43211, for their denial to negotiate a just settlement of claims amount and their denial to producing written release of claims forms for Plaintiff's signatures, to forcibly coerce Plaintiff to accepting a lowball settlement amount of $2,977.76.

117.    Defendant Progressive Group of Insurance Companies, et al., and J.D. Power Mitchell's conspiracy against Plaintiff was based to and consisted of causing duress and despair to Plaintiff by delaying to settle claims, because Plaintiff lived in a poor Black neighborhood zip code 43211, for their conspiracy to commit unlawful enrichment at plaintiff's detriment (Exhibit 4).

118.    Defendant Progressive Group of Insurance Companies, et al., and J.D. Power Mitchell's conspiracy against Plaintiff was based to and consisted of disregarding, ignoring and refuting existing insurance settlement procedure for acting in good faith, for depriving Plaintiff's 2001 Chevrolet Suburban LT in violation of the 5th and 13th Amendments to U.S. Constitution, for interfering with Plaintiff's privileges and immunities under the law, and to exhaust Plaintiff's settlement claiming efforts, for causing Plaintiff to desperately accept a lowball settlement of claims amount of $2,977.76, without any signed release of claims.

119.    During the settlement of claims; therefore, Defendant Progressive Group of Insurance Companies, et al., brought in its conspirator J.D. Power Mitchell for accomplishing a conspiracy to interfere with Plaintiff's right to own, possess, transport, use and enjoy his cargo and tools, and to deprive Plaintiff's right to own, possess, use, transport and enjoy his cargo and tools, in violation of the 5th and 13th Amendments to U.S. Constitution and the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes, and in violation of Plaintiff's federal constitutional rights.

120. During the settlement of claims; therefore, Defendant Progressive Group of Insurance Companies, et al., brought in its conspirator J.D. Power Mitchell to substantiate that only J.D. Power Mitchell has the final say of the settlement of claims amount, which is $2,977.76 with nothing more and without any signed release of claim document, to forcibly coerce Plaintiff to accept the lowball settlement of claims amount of $2,977.76.

121. During the settlement of claims; therefore, Defendant Progressive Group of Insurance Companies, et al.'s conspirator J.D. Power Mitchell determined the settlement of claims amount of $2,977.76 to Plaintiff's detriment.

122. During the settlement of claims; therefore, Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell forcibly coerce Plaintiff to accept first the settlement of claims amount of $2,977.76 to Plaintiff's detriment, with nothing more, without any signed release of claims document.

123. Because Plaintiff is Black and lived in a poor Black neighborhood zip code 43211; hence, Defendant Progressive Group of Insurance Companies, et al., and J.D. Power Mitchell's conspiracy against Plaintiff was based to and consisted of acting in bad faith to settle claims and denial to negotiate a just settlement of claims amount by directly committing an exhaustive, confusing and complicated settlement of claims, by interfering with and depriving Plaintiff's protected federal constitutional rights, in violation of the 5th and 13th Amendments to U.S. Constitution and violation of 42 U.S.C. § 1985(3), 28 U.S.C. § 1343(a)(1)-(2), the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes and Plaintiff's protected federal constitutional rights.

124. In violation of the 13th Amendment to U.S. Constitution; hence, Defendant Progressive Group of Insurance Companies, et al., and J.D. Power Mitchell willfully engaged in a conspiracy to interfere with, abuse and violate Plaintiff's right to own his 2001 Chevrolet Suburban LT and to deprive Plaintiff's 2001 Chevrolet Suburban LT, without just compensation in violation of 42 U.S.C. § 1985(3), and seriously interfered with Plaintiff's federal constitutional rights to living freely, and seriously deprived Plaintiff's federal constitutional right to own, possess, use and occupy his 2001 Chevrolet Suburban LT.

125. As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s completion of its conspiracy to interfere with Plaintiff's federal right of his

22

freedom of personal transportation and freedom of life style; and interference with plaintiff's federal right to own and use his 2001 Chevrolet Suburban LT; and deprivation of Plaintiff's 2001 Chevrolet Suburban LT, by dishonestly holding that Plaintiff lives at 708 Kelton Avenue, Columbus, Ohio 43201 (Exhibit 7); hence, Defendant Progressive Group of Insurance Companies, et al., wholly extinguished Plaintiff's ownership of his 2001 Chevrolet Suburban; and wholly extinguished Plaintiff's federal right to own personal transportation; and caused Plaintiff to lack his federal constitutional right to living freely.

126.    As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s deprivation of Plaintiff's 2001 Chevrolet Suburban LT; hence, Plaintiff's lack of own transportation caused Plaintiff to lack his federal constitutional right to living freely.

127.    As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s deprivation of Plaintiff's 2001 Chevrolet Suburban LT; hence, Defendant Progressive Group of Insurance Companies, et al., forcibly and discriminatorily coerced Plaintiff in a condition in which Plaintiff lacks liberty for determination of Plaintiff's constitutional right to own his 2001 Chevrolet Suburban LT and determination of Plaintiff's way of life.

128.    At all times material of Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al.; thus, the members of the jury should find that Plaintiff had federal involuntary servitude right to be free under the 13th Amendment to U.S. Constitution to ensure Plaintiff's personal liberty, which was deprived and violated by Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell.

129.    At all times material of Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al.; thus, the members of the jury should find that Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell committed modern servitude and racial discrimination against Plaintiff, in violation of Plaintiff's federal constitutional rights and violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes, by forcibly coercing Plaintiff into servitude to accept the lowball insurance settlement claim amount of $2,977.76, without a signed written release of claims.

130.    Throughout the settlement of claims process, Defendant Progressive Group of Insurance Companies, et al., denied producing any written release of claims document for Plaintiff's signature; consequently, based on the evidentiary facts, the members of the jury should find a

meeting of minds of a discriminatory conspiracy between Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell to deny to negotiate a fair settlement of claims amount; consequently, Defendant Progressive Group of Insurance Companies, et al., in bad faith only and specifically offered to Plaintiff the J.D. Power Mitchell's lowball settlement of claims amount of $2,977.76, with nothing more.

131. To hide the telephone conversation in which Defendant Progressive Group of Insurance Companies, et al., racially and discriminatorily held in the background that Plaintiff lived in a poor Black neighborhood zip code 43211; hence, Defendant Progressive Group of Insurance Companies, et al., dishonestly held that Plaintiff lives at 708 Kelton Avenue, Columbus, Ohio 43201 (Exhibit 7), to forcibly coercing Plaintiff into servitude to accept the lowball insurance settlement claim amount of $2,977.76, without a signed written release of claims; and to wholly extinguish Plaintiff's ownership of his 2001 Chevrolet Suburban; and wholly extinguish Plaintiff's federal right to own personal transportation; and to cause Plaintiff to lack his federal constitutional right to living freely.

132. This lawsuit is about what started as a settlement of claims of the 03/26/2024, car accident became a forcibly coercing of Plaintiff into servitude to accept the lowball insurance settlement claim amount of $2,977.76, without a signed written release of claims; and became a wholly extinguishment of Plaintiff's ownership of his 2001 Chevrolet Suburban without a just compensation; and became a wholly extinguishment of Plaintiff's federal right to own personal transportation; and caused Plaintiff to lack his federal constitutional right to living freely; and caused the 09/02/2024, death of Plaintiff's son; consequently, the members of the jury should impartially put their feet into Plaintiff's boots and should unanimously award to Plaintiff an amount in excess of $10,000,000.00 against Defendant Progressive Group of Insurance Companies, et al., as allowed by law.

133. Using poor neighborhood zip code 43211; thus, Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell's meeting of minds conspiracy was motivated by some racial, invidiously discriminatory animus, for their unlawful financial enrichment to Plaintiff's detriment; and was aimed at interfering with Plaintiff's protected federal constitutional rights in violation of the 13th Amendment to U.S. Constitution;

24

and beforehand they agreed and established an objection to justice defense by falsely holding that Plaintiff lived on Kelton Avenue in Columbus, Ohio.

## OVERT ACT OF RACIAL DISCRIMINATION

134. The overt acts of racial discrimination and intimidation in furtherance of the conspiracy constituted of an agreed meeting of minds conspiracy between Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell to threatening Plaintiff through force, delaying process, coercion and fear of Plaintiff losing all, for a planned and achievable denial to negotiate the settlement amount; denial to provide written release of claims document for signing; denial to provide rental car; continuously exhausting and frustrating Plaintiff; complicating the purchase of replacement car; denial to compensate damaged cargo and damaged tools, for the conspiracy to continue until its purpose has been achieved.

135. The purpose and effect of the conspiracy was part of the same effort by Defendant Progressive Group of Insurance Companies, et al.'s to fail dealing in good faith, while acting on its own best interest to deny negotiating the claims settlement amount and shifting its obligated responsibility to its conspirator J.D. Power Mitchell, who is not licensed to perform insurance business, to racially and discriminatorily search and establish that Plaintiff is Black and living in a poor neighborhood zip code 43211, to interfere, deprive and extinguish Plaintiff's federal constitutional rights to own his car and tools, without any compensation and to extinguish and evade any possible liabilities owed to Plaintiff for compensation.

136. Accordingly, Defendant Progressive Group of Insurance Companies, et al., willfully violated Plaintiff's federal constitutional rights as protected by 42 U.S.C. § 1985(3), 28 U.S.C. § 1343, the 5th and 13th Amendments to U.S. Constitution and the U.S. Constitution and federal laws and statutes. Defendant Progressive Group of Insurance Companies, et al., used protracted dilatory tactics and threatening Plaintiff through force, despair and coercion by subjugating Plaintiff to accept the predetermined lowball claims settlement amount of $2,977.76, or else Plaintiff lose it all.

## COUNT 6: UNLAWFUL ENRICHMENT AT PLAINTIFF'S DETRIMENT

137. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

138. Defendant Progressive Group of Insurance Companies, et al., continuously committed an unlawful conspiracy to commit unlawful enrichment at Plaintiff's detriment (Exhibit 4).

25

139. Exhibit 4 shows exactly where Defendant Progressive Group of Insurance Companies, et al.'s towing contractor towed Plaintiff's 2001 Chevrolet Suburban, in zip code 43211, in Columbus, Ohio and Defendant Progressive Group of Insurance Companies, et al., took possession of it and deprived it from Plaintiff and denied compensating Plaintiff to get another vehicle to Plaintiff's detriment.

140. Effective 03/26/2024, Defendant Progressive Group of Insurance Companies, et al., deprived Plaintiff's federal constitutional rights to own, enjoy driving, use and drive his 2001 Chevrolet Suburban, to date.

141. Defendant Progressive Group of Insurance Companies, et al., denied to provide a rental car to Plaintiff and denied to provide the financial compensation means for Plaintiff to get another Chevrolet Suburban and denied to provide a replacement of Plaintiff's damaged cargo and tools.

142. This lawsuit is the only vehicle for the jury to order Defendant Progressive Group of Insurance Companies, et al., to financially compensate Plaintiff's damages, irreparable losses and financial compensation means for Plaintiff to get another Chevrolet Suburban and get replacement of Plaintiff's damaged cargo and tools.

143. The jury should find that Defendant Progressive Group of Insurance Companies, et al., with predetermination offered a lowball offer to settle check in the amount of $2,977.96 (Exhibit 5), to interfere, deprive and extinguish Plaintiff's federal constitutional right to possess, own and use his own Chevrolet Suburban LT and tools.

144. Because Plaintiff is a skin colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in Columbus, Ohio, Exhibit 6 shows exactly that in a conspiracy to wrong Plaintiff; therefore, Defendant Progressive Group of Insurance Companies, et al., beforehand pre-planned to forcibly and desperately coerce Plaintiff into accepting a lowball offer to settle all claims of $2,977.76 and denied to compensate Plaintiff's damaged cargo and tools, for its unlawful enrichment to Plaintiff's detriment.

145. After taking possession of Plaintiff's 2001 Chevrolet Suburban and damaged cargo and damaged tools; thereafter, Defendant Progressive Group of Insurance Companies, et al., denied compensating rental cars expenses that Plaintiff suffered to date. Exhibit 5 and Exhibit 6

substantiate Defendant Progressive Group of Insurance Companies, et al.'s denial to compensate rental cars expenses that Plaintiff incurred, for its unlawful enrichment at Plaintiff's detriment.

146. After taking possession of Plaintiff's 2001 Chevrolet Suburban and damaged cargo and damaged tools; thereafter, Defendant Progressive Group of Insurance Companies, et al., denied compensating Plaintiff's 2001 Chevrolet Suburban and damaged tools and confiscated it in violation of Plaintiff's federal constitutional rights to use and own his 2001 Chevrolet Suburban LT and tools, which constitutes Defendant Progressive Group of Insurance Companies, et al.'s unlawful enrichment at Plaintiff's detriment.

**COUNT 7: BAD FAITH; DENIAL OF CLAIMS WITHOUT REASONS; UNNECESSARY DELAY AND LOWBALL SETTLEMENT OFFER**

147. Because Plaintiff is a skin-colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in Columbus, Ohio and being a victim of white-collar-crime; thus, Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

148. When Plaintiff provided on 03/27/2024, the address of 1577 Genessee Avenue, Columbus, Ohio 43211; hence, Defendant Progressive Group of Insurance Companies, et al., committed a conspiracy of bad faith against Plaintiff by continuously and unreasonably complicating the settlement of claims and unreasonably denying to settle claims.

149. Using its lower determination amount and exhaustive, sluggish and delayed claim settlement practice by racially stereotyping Plaintiff as a needy skin colored man, Black, African America and living in a poor zip code 43211 neighborhood in Columbus, Ohio; consequently, Defendant Progressive Group of Insurance Companies, et al., continued unnecessary and exhaustive delay and low offer to settle claims in bad faith, at Plaintiff's detriment.

150. Defendant Progressive Group of Insurance Companies, et al., continued unreasonably complicating the settlement of claims and caused unnecessary and exhaustive delay and maintained a low offer of $2,977.76 to settle claims in bad faith, knowing that Plaintiff can't get a used Chevrolet Suburban at the price of $2,977.76, and denied Plaintiff to buy it on Facebook Market place and eBay Motors Used Cars, but malignly coerced Plaintiff to accept the low offer of 2,977.76.

151. Defendant Progressive Group of Insurance Companies, et al., denied buying cheaper Chevrolet Suburban found by Plaintiff and seriously caused the suffering of exhaustive and gross emotional distress.

152. Upon Plaintiff's continued request for Defendant Progressive Group of Insurance Companies, et al., to direct where to buy a cheap used Chevrolet Suburban; consequently, Defendant Progressive Group of Insurance Companies, et al., wholly denied in bad faith to direct Plaintiff where to buy a cheap used Chevrolet Suburban, but maliciously coerced Plaintiff to accept the lower $2,977.76 amount.

153. Continuously acting in bad faith of denial to provide a rental car to Plaintiff upon Plaintiff's request and upon knowing that Plaintiff's son was in immediate danger of death and was unsecure in Cook County, in the State of Illinois; hence, Defendant Progressive Group of Insurance Companies, et al., continuously acted in bad faith dealing of denial to provide a rental car to Plaintiff.

154. At all times relevant acting in bad faith act; thus, Defendant Progressive Group of Insurance Companies, et al., committed a conspiracy for unnecessary delaying to settle all claims, in tactic to forcibly induce Plaintiff in financial hardship, suffering of mental anguishes, despair, fear, suffering of gross emotional distress, to coerce Plaintiff to desperately accept a low offer to settle all claims for $2,977.76.

155. Upon multiple Plaintiff's request for specific written release for claim for his 2001 Chevrolet Suburban and a separate and specific written release for claim for damaged cargo and damaged tools; hence, Defendant Progressive Group of Insurance Companies, et al., wholly denied to do it for Plaintiff's release of claim signatures.

156. Acting in bad faith to complicating the settlement of claims; thus, Defendant Progressive Group of Insurance Companies, et al., used a tactic to switch claim representatives to exhaust Plaintiff's effort by repeatedly asking already provided information and accident pictures and damaged cargo and tools pictures, to induce the suffering of despair to Plaintiff.

157. Acting in bad faith to complicating the settlement of claims; thus, Defendant Progressive Group of Insurance Companies, et al., disregarded that Plaintiff indicated as following:

> 2 months ago, I just paid $5,200.00 (five thousand and two hundred dollars) to replace the engine and automatic transmission in my 2001 Chevy Suburban. It's still drivable should it be repaired. The body shop called me today and said that my car is a total loss

28

and they want it replaced through financing for another car. I don't have the money for financing for another car right now. I just want to keep my car. I spent a lot of money to replace the engine and the automatic transmission recently.

158. For Plaintiff's used 2001 Chevrolet Suburban; thus, the engine and transmission having some oil leak cannot imply that the engine and transmission were not replaced. Defendant Progressive Group of Insurance Companies, et al., took and possessed all the repair receipts, which was in the cargo.

159. Acting in bad faith to further complicating the claim settlement, knowingly that Plaintiff's used 2001 Chevrolet Suburban was worth much more than $5,200.00; thus, Defendant Progressive Group of Insurance Companies, et al., planned the disappearance of all the repair receipts in the cargo by fraudulently, misleadingly and wrongfully holding that Plaintiff lived on Kelton Avenue in Columbus, Ohio, in a different zip code neighborhood than poor zip code 43211 neighborhood.

160. At all times relevant of Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al.; therefore, Defendant Progressive Group of Insurance Companies, et al., several times switched claim representatives and finally assigned claim representative Roger Haynes for continuation of its bad faith; denial of claims without reasons; unnecessary delay and low settlement offer and to exhaust Plaintiff's effort to claim a just settlement amount of all claims above $2,977.76.

161. Defendant Progressive Group of Insurance Companies, et al., lastly assigned claim representative Roger Haynes for continued, exhaustive, annoying, devastating and unreasonable denial of claims without providing detailed reasons and to misleadingly misinterpret Plaintiff's address and zip code in Defendant Progressive Group of Insurance Companies, et al.'s favor to shirking its obligated claims settlement responsibility, by deliberately avoiding and neglecting to fairly negotiate the amounts.

## COUNT 8: BAD FAITH ACT THAT CAUSED THE DEATH OF PLAINTIFF'S SON

162. Because Plaintiff is a skin-colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in Columbus, Ohio and being a victim of white-collar-crime; thus, Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

163. Based on the evidentiary facts, at all times relevant of Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al.; therefore, Defendant Progressive Group of Insurance Companies, et al., committed unconstitutional bad faith act against Plaintiff that are direct and proximate cause of the 09/02/2024, death of Plaintiff's son: Former U.S. Marine Simeon Underhill Bihesi in Cook County, in Forest Park, in Chicago, in the State of Illinois, because of its denial to provide a rental car to Plaintiff for moving Plaintiff's son to a safer location.

164. Deceased Plaintiff's son: Former U.S. Marine Simeon Underhill Bihesi would be alive today if Defendant Progressive Group of Insurance Companies, et al., did not act in bad faith against Plaintiff and did not violate Plaintiff's constitutional right to own an operating 2001 Chevrolet Suburban; and did not fail to timely provide to Plaintiff a rental car for removing Plaintiff's son in Cook County, in Forest Park, in Chicago, in the State of Illinois, and taking him to a safer place.

165. In awarding more than $10,000.000.00 to Plaintiff; thus, the members of the jury should unanimously decide that Defendant Progressive Group of Insurance Companies, et al., should have not failed to timely provide a rental car to Plaintiff, because a rental car expense for few weeks at a guessing $80.00 a day could have not affected the claim settlement amount.

166. Because on 03/26/2024, Plaintiff's cargo and tools were damaged and resulted in loss of income to Plaintiff; thus, in awarding more than $10,000.000.00 to Plaintiff; thus, the members of the jury should unanimously decide that Defendant Progressive Group of Insurance Companies, et al., should have timely provide a rental car to Plaintiff earlier, upon Plaintiff's request for a car rental, reasonably for 2 or 3 weeks, prior to the date of the total loss repair estimate of Plaintiff's car.

167. Knowing the urgency for providing a rental car to Plaintiff and knowing the urgency for enabling Plaintiff to remove his son in Cook County; hence, in awarding more than $10,000.000.00 to Plaintiff; thus, the members of the jury should unanimously decide that because of the overall lower car rental expenses and liability for probably 2 or 3 weeks; thus, Defendant Progressive Group of Insurance Companies, et al.'s failure to timely provide a rental car to Plaintiff was a punishable bad faith act against an obligated duty owed to Plaintiff in the claim settlement.

168. For awarding punitive damages to Plaintiff and for establishing a powerful precedent, and controlling, exemplary and binding authority to improve insurance law for timely providing a car rental to Plaintiff upon request; thus, the members of the jury should decide that based on the evidentiary facts, at all times relevant to Plaintiff's allegations; thus, Defendant Progressive Group of Insurance Companies, et al., never acted in favor and benefit of Plaintiff.

169. For awarding punitive damages to Plaintiff and for establishing a powerful precedent, and controlling, exemplary and binding authority to improve insurance law for timely providing a car rental to Plaintiff upon request; thus, the members of the jury should decide that based on the evidentiary facts, at all times relevant to Plaintiff's allegations; thus, Defendant Progressive Group of Insurance Companies, et al., continuously acted in its favor and benefit to Plaintiff's detriment.

170. For awarding punitive damages to Plaintiff and for establishing a powerful precedent, and controlling, exemplary and binding authority to improve insurance law for timely providing a car rental to Plaintiff upon request; thus, the members of the jury should put their own shoes into Plaintiff's shoes and unanimously decide that based on the evidentiary facts, at all times relevant to Plaintiff's allegations; thus, Defendant Progressive Group of Insurance Companies, et al., acted in bad faith after accumulating insurance premium and denying its obligation as provided by law; hence, Plaintiff's son died as a direct and proximate act of Defendant Progressive Group of Insurance Companies, et al.

171. For awarding punitive damages to Plaintiff and for establishing a powerful precedent and controlling, exemplary and binding authority to improve insurance law for timely providing a car rental to Plaintiff upon request; thus, the members of the jury should unanimously decide that Defendant Progressive Group of Insurance Companies, et al., is liable to Plaintiff in more than $10,000,000.00.

172. At all times relevant to Plaintiff's allegations; thus, in a phone conversation with Delori Trice, Plaintiff heard in the background being reported to Delori Trice that Plaintiff living in zip code 43211 cannot get redress, justice and relief in the State of Ohio, against Defendant Progressive Group of Insurance Companies, et al.

173. Plaintiff was quiet and personally heard in the background being reported to Delori Trice that based on the zip code 43211, a search was completed and found Plaintiff to be a Black,

African American living in a poor neighborhood of Columbus, Ohio and that Defendant Progressive Insurance Company, et al.'s attorney will defeat Plaintiff by making existing law unavailable against Plaintiff, for Defendant Progressive Group of Insurance Companies, et al., to commit a low offer to settle claims to Plaintiff.

## COUNT 9: INFLICTION OF SUFFERING OF TERMINATION OF PARENT AND SON RELATIONSHIP

174. Because Plaintiff is a skin-colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in Columbus, Ohio and being a victim of white-collar-crime; thus, Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

175. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** unconstitutional infliction of suffering of termination of parent and son relationship, to the detriment of Plaintiff; consequently, the members of the jury should award to Plaintiff an amount greater than $10,000,000.00 in favor of Plaintiff and against Defendant Progressive Group of Insurance Companies, et al., as allowed by law.

176. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** the direct and proximate death of Plaintiff's son.

177. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** the direct and proximate termination of father and son relationship and suffering of permanent loss of life of Plaintiff's son, by denying to provide a car rental for few weeks.

## COUNT 10: INTENTIONAL INFLICTION OF SUFFERING OF INJURIES AND EMOTIONAL DISTRESS

178. Because Plaintiff is a skin-colored man, Black, African America, member of a minority group, racially discriminated against and was living in a poor zip code 43211 neighborhood in Columbus, Ohio and being a victim of white-collar-crime; thus, Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

179. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW** to having an obligated special relationship with Plaintiff.

180. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW** Defendant Progressive Group of Insurance Companies, et al., abused and violated that obligated special relationship with Plaintiff, due to its financial position of power to Plaintiff's detriment.

181. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW** Plaintiff's financial vulnerability and transportation vulnerability, which Defendant Progressive Group of Insurance Companies, et al., disregarded, refuted and ignored for its own benefit.

182. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **KNEW TO COERCE AND CAUSE** Plaintiff's accumulated emotional distress, for its coercion financial benefit to cause Plaintiff to desperately accept a low-ball offer to settle.

183. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **COMMITTED** repeated, extreme, outrageous and prolonged pattern of denial to negotiate to provide a just settlement amount of claims to Plaintiff; consequently, because Defendant Progressive Group of Insurance Companies, et al., coerced Plaintiff to accept the settlement check of $2,977.76 without the signing of a written release identifying specifically which claim is released; consequently, Plaintiff understood that Defendant Progressive Group of Insurance Companies, et al., in disguise denied to compensate for damaged cargo and damaged tools; consequently, Plaintiff could not work effective 03/26/2024, to present, for lack of transportation and tools.

184. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** the suffering of Intentional Infliction of Emotional Distress, which was

extreme and outrageous, and was intended to cause severe emotional distress suffering to Plaintiff, to induce Plaintiff into acceptance of a low-ball to settle amount of $2,977.76, for its coercion financial benefit to cause Plaintiff to desperately accept a low-ball offer to settle.

185. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** Plaintiff to suffer permanent losses and permanent mental anguishes and nightmares due to Defendant Progressive Group of Insurance Companies, et al.'s unambiguous negligent unconstitutional actions against Plaintiff.

186. Due to the impact of the death of Plaintiff's son because of Plaintiff's lack of transportation; consequently, based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** Plaintiff to suffer permanent feelings of deep sorrow, guilt, anger, frustration, hopelessness, excessive worrying, chronic fatigue, despair, ongoing unexplained pains and aches, lack of motivation, lack of enjoyment of life, humiliation, ongoing isolating from people, serious changes in eating and sleeping patterns because of nightmares and ongoing lack of happiness and other health problems caused by direct and proximate causes of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional acts against grieving and mourning Plaintiff.

187. Due to the impact of the death of Plaintiff's son because of Plaintiff's lack of transportation; consequently, based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **ALLOWED** few month ago Roger Haynes to engage in extreme and outrageous dishonesty and aggravation affecting and infuriating Plaintiff that was unbearable and beyond all possible bounds of decency and intolerable, which caused financial losses to Plaintiff.

188. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **COERCED** Plaintiff because Defendant Progressive Group of Insurance Companies, et al., is highly favored and influential in Ohio Courts, and has highly financial power, and favored

34

white skin color, and has actual and apparent power and authority over Plaintiff and has corporation influence against Plaintiff.

189. Based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **BEFOREHAND INTENDED** to cause, and recklessly and consciously disregarded causing Plaintiff's suffering of emotional distress. Defendant Progressive Group of Insurance Companies, et al., beforehand was substantially certain that its dilatory to settle claims and denial to produce written release of claims for signing and continuous low-ball settlement amount of $2,977.76 will cause accumulation of the suffering of emotional distress to Plaintiff.

190. As parents; thus, the members of the jury should put their shoes into Plaintiff's shoes and should decide that due to the impact of the death of Plaintiff's son because of Plaintiff's lack of transportation; consequently, based on the evidentiary facts and Plaintiff's allegations; it is convincingly undisputed that Defendant Progressive Group of Insurance Companies, et al., during the settlement claim process **CAUSED** Plaintiff to suffer permanent emotional distress that is considered severe and extreme because to date Plaintiff cannot endure it, and must spend tremendous amount of time in the graveyard at his son's grave to feel being a father in the presence of his now deceased son. It is hard and I am truly unfortunate. Our God should have taken my life rather than me seeing my son dead prematurely.

## COUNT 11: INTENTIONAL AND DISCRIMINATORY VIOLATION OF PLAINTIFF'S 13th AMENDMENT TO U.S. CONSTITUTION

191. Plaintiff repeats and re-alleges the above allegations as if fully re-alleged here.

192. In an organized and established conspiracy with its conspirator J.D. Power Mitchell; thus, throughout the settlement of claims process, Defendant Progressive Group of Insurance Companies, et al., acted with higher power in its financial benefit and intentionally and discriminatory interfered with, deprived and violated Plaintiff's protected federal constitutional 13th Amendment to U.S. Constitution right.

193. Based on the evidentiary facts; thus, the members of the jury should find that Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell intentionally and discriminatory forcibly coerced and induced Plaintiff into involuntary servitude to accepting a lowball settlement of claims amount of $2,977.76, without any signed release of

Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 36 of 61 PageID #:150

claims document and deprived and blocked Plaintiff's right to be free under the 13th Amendment to U.S. Constitution, and interfered with, blocked and extinguished Plaintiff's personal liberty to date.

194    At all times material of Plaintiff's allegations against Defendant Progressive Group of Insurance Companies, et al.; thus, the members of the jury should find that Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell committed modern servitude and racial discrimination against Plaintiff, in violation of Plaintiff's federal constitutional rights and violation of the Ohio and U.S. Constitutions and Ohio and Federal laws and statutes, by forcibly coercing Plaintiff into servitude to accept the lowball insurance settlement claim amount of $2,977.76, without a signed written release of claims, under a serious threat of Plaintiff losing all if Plaintiff denies to accept $2,977.76, without a signed written release of claims.

195.    Based on the evidentiary facts; thus, the members of the jury should find that to forcibly coerce and cause Plaintiff into involuntary servitude in the claims settlement process in violation of the 13th Amendment to U.S. Constitution; thus, Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell conditionally subdued and subjugated Plaintiff into accepting a predetermined check in the lowball amount of $2,977.76 without signing any release of claims document under the threat that Plaintiff will lose all and get nothing at all.

196.    In violation of the 13th Amendment to U.S. Constitution; thus, using claim processing dilatory tactics in bad faith; thus, Defendant Progressive Group of Insurance Companies, et al., and its conspirator J.D. Power Mitchell conditionally and forcibly subdued and subjugated Plaintiff by falsely listing Plaintiff as living on Kelton Avenue in Columbus, Ohio to threatening by force and coercion by subjugating Plaintiff to accepting a lowball predetermined settlement of claims amount of $2,977.76, without signing any required release of claims document, and blocking Plaintiff to claiming for damaged cargo and tools. Plaintiff never lived on Kelton Avenue in Columbus, Ohio and Plaintiff's 2001 Chevrolet Suburban LT was never returned at 1577 Genessee Avenue, Columbus, Ohio 43211 to date, for being declared a total loss and for being in possession of Defendant Progressive Insurance Group of Company, et al., effective 09/06/2024 (Exhibit 4).

197.    As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional violation of the 13th Amendment to U.S. Constitution and violation act and deprivation, interference and extinguishment of Plaintiff's federal constitutional rights; therefore, Plaintiff's son was killed on 09/02/2024, because Defendant Progressive Group of Insurance Companies, et al., denied to providing a rental car to Plaintiff to date. Plaintiff's son had projects and business ventures that exceeded $10,000,000.00, which were lost because Plaintiff's son is dead and cannot make any income.

198.    As a direct and proximate cause of Defendant Progressive Group of Insurance Companies, et al.'s unconstitutional act; therefore, Plaintiff lacks any transportation to make income and lacks tools to make income; hence, Plaintiff's damages exceed $10,000,000.00. Plaintiff suffer humiliation, unhappiness, disappointment, irreparable loses, mourning the 09/02/2024, death of Plaintiff's son, gross mental anguish, gross emotional distress, frustration, hopelessness, nightmare and health problems and sleepless night caused by accumulated fear and threatening of Defendant Progressive Group of Insurance Companies, et al.'s listing that Plaintiff lives on Kelton Avenue in Columbus, Ohio for its financial interest to evade and deny any possible compensation to Plaintiff at all.

199.    Plaintiff is a professional engineer and could not make any income for more than 635 days from 03/26/2024, to present due to lack of transportation and tools. Plaintiff started making on average $3,000.00 a day in contracts for remodeling homes; and was making on average $2,000.00 in engineering consultation and mechanical and electrical and roofing and plumbing repairs and installations. Plaintiff suffered the expensive costs related to the 09/02/2024, death of Plaintiff's son. The members of the jury should unanimously award to Plaintiff a monetary amount in excess of $10,000,000.00 against the multistate powerful insurance corporation Defendant Progressive Group of Insurance Companies, et al., with added treble punitive and exemplary damages to make accident insurance claim processing better and to deter Defendant Progressive Group of Insurance Companies, et al.'s willful interference, deprivation and extinguishment of Plaintiff's protected federal constitutional rights, which caused the 09/02/2024, death of Plaintiff's son (Exhibit 3).

200.    On 07/18/2025, Defendant Chyna Moorman sent the email below to Plaintiff and indicated as follows:

**From:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Sent:** Friday, July 18, 2025 8:30 AM
**To:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Subject:** Re: Your CarGurus car shopping summary - Progressive Claim 24-999926045

Good morning Mr. Nyamusevya

Thank you for bringing this to my attention. As I mentioned previously, with the volume of emails—six in total—it was possible that something might be overlooked. However, I did reference this particular email in my last response.

**Please be aware that my typical turnaround time for responses is by the next business day.** Additionally, I want to point out that your original email did not include any dealership or vehicle information. It only contained the line:

*"Should you need the dealership information and the car VIN number, I have it and I will provide it instantly upon your request, and I will give you the contact information of the seller and the dealership and address or location."*

In your message, you asked me to "meet in the middle." As I stated in my reply, I am unable to do so and can only accept comparable vehicle listings that meet the required criteria.

To clarify once again, and as outlined in my previous emails regarding the dispute process, any comparable vehicle submitted must meet the following criteria to be eligible for review by our vendor, Mitchell:

- **Model year must be 1988 or newer**
- **Same year, make, and model as the loss vehicle**
- **Equipment details**
- **Full VIN**
- **Local or toll-free phone number for the dealer/seller**
- **Zip code (within 250 miles of the loss vehicle's location)**
- **Vehicle price**
- **Mileage (minimum of 1,000 miles)**

**Please note:**

- A maximum of 10 comparable vehicles may be submitted.
- Sold records must be reported directly by the dealership to J.D. Power.
- The following sources are not accepted:
  - Craigslist
  - Facebook Marketplace
  - eBay Motors (auction listings)
  - JD Byrider
  - CarMax, Carvana, or similar dealerships
  - Public auctions or wholesale listings

We utilize a third-party vendor (J.D. Power or Mitchell) to determine vehicle value. I do not have the authority to manually adjust or negotiate the valuation. My role is to forward any qualifying comparables you provide to the vendor for review.

Please ensure that any future submissions include a direct link to the website listing so I can proceed accordingly.

Thank you for your cooperation.

Chyna Moorman
Claims Generalist
Progressive Group of Insurance Companies
PO Box 94670
Cleveland, OH 44101-9919
P: 443-425-3703
F: **844-268-4650**
Chyna_Moorman@progressive.com

2001. Defendant Chyna Moorman's email was in response to Plaintiff's 07/17/2025, email as follows:

**From:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Sent:** Thursday, July 17, 2025 7:59 PM
**To:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Subject:** [EXTERNAL] Fw: Your CarGurus car shopping summary

Yesterday, I sent you this email and you willfully ignored it.

I have done what you requested me to do searching for a car withing 250 miles. I told you that the dealership beforehand told me what was wrong with the below car then I sent you the email below which you disregarded.

I said as following:

I just found one Chevy Suburban and it is being sold as is for $4,997.00 cash at the door.

I will fix myself whatsoever is wrong with it. The dealership was very honest to tell me what is wrong with the car.

You at your own decision provided $2,977.96

Let us meet in the middle of the extra $2,019.04, that is ($4,997.00 - $2,977.96) = $2,019.04

You give me $4,100.00 and I will pay the rest out of my pocket and I will repair whatsoever is wrong with the car at my own expenses.

39

Give me $4,100.00 and send me a release for the car (only the car) and I will sign it.

To avoid any possible litigation against you, give me $4,100.00 now when this car is available for me to buy it. Any other dealership is charging more that $6,000.00, which is higher than $4,997.00.

Should you need the dealership information and the car VIN Number I have it and I will provide it instantly upon your request and I will give you the contact information of the seller and the dealership and address or location.

Below is the dealership information:

**Carter Courtney**
**New, Used and Commercial Sales**
**Terry Henricks Auto Group**
**1935 S Defiance St**
**Archbold, Ohio 43502**
**(419) 933-9558 contact this phone number and speak with Alex Zimmerman**
**Office (419) 445-2576**
**Mobile (567) 320-1916**

**Overview** Make: Chevrolet  Model: Suburban  Year: 2009  Trim: 1500 LTZ

4WD  Mileage: 210,428 mi  Condition: Used  VIN: 1GNFK36319R212610  Stock

number: PCF36621A



I am waiting to hear from you urgently, before this car is sold to another customer.

Mr. Leonard Nyamusevya
Tel: (614) 323-5898
P.O. Box 314
Reynoldsburg, Ohio 43068
U.S.A.

202.    Keeping in minds the preventable 09/02/2024, death of Plaintiff's son and the lifetime impact and suffering associated with it and the overall funeral and burial expenses and the loss of any future and projected incomes and the ongoing lack of Plaintiff's income and lack of own transportation and lack of tools; thus, the members of the jury should put their shoes into Plaintiff's shoes to unanimously decide in favor of Plaintiff that based on the information above; thus, Defendant Progressive Insurance Group of Company, et al., denied to buy even the above shown cheaper Chevrolet Suburban, for its financial interest to evade compensating Plaintiff and for interfering with, depriving and extinguishing Plaintiff's protected federal constitutional right to own, possess, drive, enjoy and occupy his 2001 Chevrolet Suburban LT and to use his tools; consequently, the members of the jury are wholly and impartially justified to reach a final unanimous verdict awarding Plaintiff's a monetary amount in excess of $10,000,000.00 in favor of Plaintiff and against Defendant Progressive Insurance Group of Company, et al., which should be expeditiously paid in disregard whether Defendant Progressive Insurance Group of Company, et al., will appeal the final jury decision in this lawsuit at bar, as allowed by law.

## TRIAL BY A JURY DEMAND

203.    Plaintiff hereby demands a trial by jury against Defendant Progressive Insurance Group of Company, et al., on all allegations and issues triable under existing law.

Respectfully Submitted,

LEONARD NYAMUSEVYA
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

41

## PRAYER FOR RELIEF

204.    WHEREFORE, based on the attached evidentiary facts, Plaintiff prays that the U.S. Federal District Court allows the impartial members of the jury to enter a decision and:

(a).    Issues a final decision in favor of Plaintiff and against Defendant **PROGRESSIVE GROUP OF INSURANCE COMPANIES**, the Progressive Group of Insurance Companies in excess of $10,000,000.00, and other allowed reliefs by law.

(b).    Issues a final decision in favor of Plaintiff and against Defendant **ROGER HAYNES** of the Progressive Group of Insurance Companies in excess of $10,000,000.00, and other allowed reliefs by law.

(c).    Issues a final decision in favor of Plaintiff and against Defendant **DELORI TRICE** of the Progressive Group of Insurance Companies in excess of $10,000,000.00, and other allowed reliefs by law.

(d).    Issues a final decision in favor of Plaintiff and against Defendant **CHYNA MOORMAN** of the Progressive Group of Insurance Companies in excess of $10,000,000.00, and other allowed reliefs by law.

(e).    Issues a final decision in favor of Plaintiff and against Defendant **JENNIFER JONES** of the Progressive Group of Insurance Companies in excess of $10,000,000.00, and other allowed reliefs by law.

(f).    Grant such other and further relief as may be just and proper and allowed by law.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

## CERTIFICATION

By signing this Complaint, Plaintiff certifies that the facts stated in this Complaint are true to the best of Plaintiff's knowledge, information and belief. Plaintiff understands that if this certification is not correct, Plaintiff may be subject to sanctions by the Court.

**Signed on the 23rd day of December 2025.**

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on the **23rd day of December 2025**, I served a true and accurate copy of the foregoing document and all attachments on the following by regular U.S. Mail, postage prepaid, in the manner specified as follows:

**PROGRESSIVE GROUP OF INSURANCE COMPANIES**
300 North Commons Blvd.,
Mayfield Village, OH 44143
The Progressive Group of Insurance Companies

**ROGER HAYNES**
Claims Generalist Associate
841 Cromwell Park Dr, Suite 150
Glen Burnie, MD 21061
The Progressive Group of Insurance Companies
Office: 410-412-9187
Fax: 844-268-4650
*roger_haynes@progressive.com*

**DELORI TRICE**
Claims Supervisor at Progressive Insurance Company
841 Cromwell Park Dr, Suite 150
Glen Burnie, MD 21061
The Progressive Group of Insurance Companies
Office: 410-412-9137
Fax: 844-268-4650
*delori_trice@progressive.com*

**CHYNA MOORMAN**
Claims Generalist
PO Box 94670
Cleveland, OH 44101-9919

**JENNIFER JONES**
Claims Generalist Associate
841 Cromwell Park Dr, Suite 150
Glen Burnie, MD 21061

43

The Progressive Group of Insurance Companies
Office: 443-425-3703
Fax: 844-268-4650
*Chyna_Moorman@progressive.com*

The Progressive Group of Insurance Co
*jjones76@progressive.com*

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

44

 **Outlook**

---

**Claim # 24-999926045**

**EXHIBIT 10**

---

**From** Leonard Nyamusevya <nyaleo@hotmail.com>
**Date** Wed 3/27/2024 6:06 PM
**To** jjones76@progressive.com <jjones76@progressive.com>

From Mr. Leonard Nyamusevya
(614) 323-5898
nyaleo@hotmail.com

To Progressive Direct Insurance Company
Attn: JENNIFER JONES
(240) 772-3016

Re: Claim # 24-999926045
Claimant: LEONARD NYAMUSEVYA
2001 Chevy Suburban

Dear JENNIFER JONES:

Good afternoon!

Should you want to see my car
You can find it at 1577 Genessee Avenue, Columbus, Ohio 43211.

It was hit from behind (rear passenger side and on the side passenger side).

Thank you in advance for your good understanding and assistance in this matter.

Yours sincerely,

Mr. Leonard Nyamusevya
Tel: (614) 323-5898
P.O. Box 314
Reynoldsburg, Ohio 43068
U.S.A.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EXHIBIT 11

Leonard Nyamusevya,

*Plaintiff,*

v.

Progressive Insurance Corporation, *et al.,*

*Defendants*

No. 25 CV 14924

Judge Lindsay C. Jenkins

## ORDER

The motion to proceed *in forma pauperis* is granted due to financial indigency.

Because Leonard Nyamusevya is seeking to proceed *in forma pauperis,* the complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), see *Vey v. Clinton,* 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC,* 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). In addressing any *pro se* litigant's complaint, the court must construe the complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from damages, § 1915(e)(2)(B)(iii).

Nyamusevya alleges that his 2001 Chevy Suburban was involved in a car accident in March 2024 while on Kelton Avenue in Columbus, Ohio. [Dkt. 1, ¶¶ 1, 18.] Following the incident, Nyamusevya filed an insurance claim with Progressive Insurance and spoke by telephone with Progressive employees Chyna Moorman, Jennifer Jones, Roger Haynes and Delori Trice, each of whom he names as Defendants in this case. Nyamusevya alleges that his vehicle was towed by "Progressive's contractor" while in Columbus, and that Progressive's contractor took possession of the car, depriving Nyamusevya of its use and failed to compensate him. [*Id.,* ¶¶ 38-39.] Nyamusevya alleges that Progressive tried to "dishonestly and forcibly coerce Plaintiff to desperately accept a lower offer to settle claims in the amount of $2,977.76." [*Id.,* ¶ 17.] He alleges that his repair estimate was $9,233.40, so he "cannot settle for a monetary amount of less than $10,000,000." [*Id.,* ¶ 15, 87.]

1

At some point following these events, Nyamusevya and his son left Ohio and moved to Illinois, where he currently resides. [Dkt. 1, ¶ 20.]

The complaint alleges the following "claims" though Nyamusevya fails to identify the source of their authority (indeed some do not appear to be cognizable): unlawful enrichment and conspiracy to commit unlawful enrichment (Count One); bad faith denial of claims without reason (Count Two); unconstitutional bad faith act (Count Three); unconstitutional violation of Plaintiff's federal constitutional rights (Count Four); unconstitutional infliction of suffering of termination of parent and son relationship (Count Five); and unconstitutional infliction of suffering of emotional distress (Count Six).

The first problem with Nyamusevya's complaint is the court's jurisdiction. The complaint identifies 42 U.S.C. § 1983 and 42 U.S.C. § 1985 conspiracy as the federal statutes that invoke subject matter jurisdiction. [Dkt. 1 at 1.] But based on the complaint as currently pled, no violation of either statute has been plausibly alleged.

Under § 1983, an injured party can sue a "person" who acts "under color of law." *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). Section 1983 does not create substantive rights; instead, it "provides a vehicle by which plaintiffs can sue persons who abuse state power in a way that violates federal law." *Id.* Section 1983 requires state action, see *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009) and here, the named Defendants are either a corporation or private citizens. None could be considered state actors so § 1983 is unavailable on these facts.

Likewise, a conspiracy claim under § 1985(3) "requires a racially motivated conspiracy to violate or interfere with a plaintiff's federally protected rights." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009). A plaintiff bringing a § 1985(3) claim must plead (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983). The conspiracy element requires allegations of an express or implied agreement among the defendants to deprive a plaintiff of his constitutional rights. *Milchtein v. Milwaukee County*, 42 F.4th 814, 827 (7th Cir. 2022). Here, there are no allegations that plausibly support an inference of an agreement to deprive anyone of a constitutional right.[1] The claims, at bottom, concern an insurance coverage dispute.

---

[1]     Though a "narrow exception for purely private conspiracies" is actionable under § 1985(3), see *Williams v. Heartland Realty, Inv., Inc.* 2025 WL 3142139, at *2 (7th Cir. Nov. 10, 2025), this exception "applies only if private defendants interfere with rights (like those

The court therefore lacks federal question jurisdiction under 28 U.S.C. § 1331 or § 1334.[2][3]

Even if the court could see a viable path for jurisdiction, a second problem looms. Even given the expansiveness with which courts view *pro se* filings, venue is almost surely improper in the Northern District of Illinois. Under 28 U.S.C. § 1391(b), an action may be brought only in (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Nyamusevya's complaint alleges that this District is a proper venue because as of December 2024, he resides in Illinois and Progressive discriminated against him such that he "cannot get redress, justice and relief in the State of Ohio." [Dkt. 1, ¶¶ 20, 22.] But as already explained to him,[4] Nyamusevya's residence here cannot establish that it is a proper venue for this case. *Ford-Reyes v. Progressive Funeral Home*, 418 F. Supp. 3d 286, 290 (N.D. Ill. 2019). It is the *Defendants'*—not the *Plaintiff's*—residences that matter, 28 U.S.C. § 1391(b)(1), and the complaint does not allege that any of the Defendants reside in this District. The car accident that resulted in his filing an insurance claim, the negotiations and discussions with Progressive employees about his claim, and the offending conduct that the Defendants allegedly committed all occurred in Ohio. So, it does not appear that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. § 1391(b)(2). Instead, Ohio is the proper venue for the claims (to the extent that the claims are even legally viable).

Because of the deficiencies identified, the court screens and dismisses the complaint, and grants Nyamusevya leave to file an amended complaint. *See*

---

under the Thirteenth Amendment) that are enforceable against private citizens." *Id.* (citing *Milchtein*, 42 F.4th at 827 n.4. and *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)).

[2] Because he has not stated a claim under §§ 1983 or 1985, Nyamusevya cannot rely on 28 U.S.C. § 1343 to supply jurisdiction, which gives district courts original jurisdiction over civil cases filed under § 1985 or § 1983 to "recover damages … under any Act of Congress providing for the protection of civil rights."

[3] Jurisdiction could be diversity based, that is, cases "where the matter in controversy exceeds … $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a). But a plaintiff who asserts subject matter jurisdiction based on diversity is required to provide "at least a good-faith estimate that plausibly explains how the stakes exceed the jurisdictional threshold." *Bordelais v. Bordelais*, 2021 WL 1531600, at *1 (N.D. Ill. Apr. 19, 2021) (dismissal appropriate where complaint includes only a prayer for "compensatory, special, and punitive damages" of "no less" than $10 million.) Here, like *Bordelais*, the complaint contains no facts to support the $10 million damages demanded.

[4] *Nyamusevya v. Dewine, et al.*, Case No. 25-cv-12128 (Chang, J.), dkt. 7.

3

*Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Any amended complaint must satisfy Rule 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any amended complaint must also set forth a coherent basis for venue in this District, bearing in mind the guidance above. Failure to amend by the deadline the court separately provides will result in dismissal of the case.

Enter: 25-cv-14924
Date: December 11, 2025

_____
Lindsay C. Jenkins

Your interest is not to provide me with my car.

Mr. Leonard Nyamusevya
Tel: (614) 323-5898
P.O. Box 314
Reynoldsburg, Ohio 43068
U.S.A.

**EXHIBIT 13**

---

**From:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Sent:** Friday, July 18, 2025 8:39 AM
**To:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Subject:** Fw: Your CarGurus car shopping summary - Progressive Claim 24-999926045

To provide further clarification regarding the specific vehicle you submitted.

The vehicle you provided—a **2009 Chevy Suburban**—does **not meet the required criteria**, as the totaled vehicle in this case is a **2001 Chevy Suburban**. Therefore, it cannot be accepted as a valid comparable.

If you would like to submit additional comparable vehicles, please ensure they are the **same year, make, and model** as the loss vehicle and meet **all** of the criteria previously outlined in the below email.

Thank you,

Chyna Moorman
Claims Generalist
Progressive Group of Insurance Companies
PO Box 94670
Cleveland, OH 44101-9919
P: 443-425-3703
F: 844-268-4650
Chyna_Moorman@progressive.com

---

TRUE TO
OUR NAME.
*Progressive.*

The contents of this e-mail and any attachments are confidential and may be legally privileged, intended solely for the addressee. If you are not the intended recipient, be advised that any use, dissemination, distribution, storage (including electronic) or copying of this e-mail is strictly prohibited. If you receive this e-mail in error, please notify the sender immediately by reply e-mail and destroy the message and its attachments.

---

**From:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Sent:** Friday, July 18, 2025 8:30 AM
**To:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Subject:** Re: Your CarGurus car shopping summary - Progressive Claim 24-999926045

Good morning Mr. Nyamusevya

Thank you for bringing this to my attention. As I mentioned previously, with the volume of emails—six in total—it was possible that something might be overlooked. However, I did reference this particular email in my last response.

**Please be aware that my typical turnaround time for responses is by the next business day.** Additionally, I want to point out that your original email did not include any dealership or vehicle information. It only contained the line:

> *"Should you need the dealership information and the car VIN number, I have it and I will provide it instantly upon your request, and I will give you the contact information of the seller and the dealership and address or location."*

In your message, you asked me to "meet in the middle." As I stated in my reply, I am unable to do so and can only accept comparable vehicle listings that meet the required criteria.

To clarify once again, and as outlined in my previous emails regarding the dispute process, any comparable vehicle submitted must meet the following criteria to be eligible for review by our vendor, Mitchell:

- **Model year must be 1988 or newer**
- **Same year, make, and model as the loss vehicle**

- **Equipment details**
- **Full VIN**
- **Local or toll-free phone number for the dealer/seller**
- **Zip code (within 250 miles of the loss vehicle's location)**
- **Vehicle price**
- **Mileage (minimum of 1,000 miles)**

**Please note:**

- A maximum of 10 comparable vehicles may be submitted.
- Sold records must be reported directly by the dealership to J.D. Power.
- The following sources are not accepted:
- Craigslist
- Facebook Marketplace
- eBay Motors (auction listings)
- JD Byrider
- CarMax, Carvana, or similar dealerships
- Public auctions or wholesale listings

We utilize a third-party vendor (J.D. Power or Mitchell) to determine vehicle value. I do not have the authority to manually adjust or negotiate the valuation. My role is to forward any qualifying comparables you provide to the vendor for review.

Please ensure that any future submissions include a direct link to the website listing so I can proceed accordingly.

Thank you for your cooperation.


Chyna Moorman
Claims Generalist
Progressive Group of Insurance Companies
PO Box 94670
Cleveland, OH 44101-9919
P: 443-425-3703
F: 844-268-4650
Chyna_Moorman@progressive.com

---

**TRUE TO
OUR NAME.**

*Progressive.*

The contents of this e-mail and any attachments are confidential and may be legally privileged, intended solely for the addressee. If you are not the intended recipient, be advised that any use, dissemination, distribution, storage (including electronic) or copying of this e-mail is strictly prohibited. If you receive this e-mail in error, please notify the sender immediately by reply e-mail and destroy the message and its attachments.

---

**From:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Sent:** Thursday, July 17, 2025 7:59 PM
**To:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Subject:** [EXTERNAL] Fw: Your CarGurus car shopping summary

Yesterday, I sent you this email and you willfully ignored it.

I have done what you requested me to do searching for a car withing 250 miles. I told you that the dealership beforehand told me what was wrong with the below car then I sent you the email below which you disregarded.

I said as following:

I just found one Chevy Suburban and it is being sold as is for $4,997.00 cash at the door.

I will fix myself whatsoever is wrong with it. The dealership was very honest to tell me what is wrong with the car.

You at your own decision provided $2,977.96

Let us meet in the middle of the extra $2,019.04, that is ($4,997.00 - $2,977.96) = $2,019.04

Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 52 of 61 PageID #:166

You give me $4,100.00 and I will pay the rest out of my pocket and I will repair whatsoever is wrong with the car at my own expenses.

Give me $4,100.00 and send me a release for the car (only the car) and I will sign it.

To avoid any possible litigation against you, give me $4,100.00 now when this car is available for me to buy it. Any other dealership is charging more that $6,000.00, which is higher than $4,997.00.

Should you need the dealership information and the car VIN Number I have it and I will provide it instantly upon your request and I will give you the contact information of the seller and the dealership and address or location.

Below is the dealership information:

*Carter Courtney*
*New, Used and Commercial Sales*
**Terry Henricks Auto Group**
**1935 S Defiance St**
**Archbold, Ohio 43502**
**(419) 933-9558 contact this phone number and speak with Alex Zimmerman**
**Office (419) 445-2576**
**Mobile (567) 320-1916**
**Dealer Website**
**Hours of Operation**

https://www.cargurus.com/Cars/inventorylisting/viewDetailsFilterViewInventoryListing.action?
entitySelectingHelper.selectedEntity=d638&zip=43232&source=email&type=TRANSACTIONAL&utm_medium=email&utm_campaign=LeadConfirmation_2024
1108&utm_term=07/16/25&utm_source=LeadConfirmation&sourceContext=leadconfirmationemail&px8324=p83&ax8324=1&message_id=b5154724c54f485
785fe146609f8b633#listing=421471943?utm_content=lcViewDetails

## Used Chevrolet Suburban for Sale near Columbus, OH - CarGurus

Save $8,526 on a used Chevrolet Suburban near you. Search over 13,700 listings to find the best Columbus, OH deals. We analyze millions of used cars daily.

www.cargurus.com

**Overview** Make: Chevrolet  Model: Suburban  Year: 2009  Trim: 1500 LTZ 4WD  Mileage: 210,428 mi  Condition: Used  VIN:

1GNFK36319R212610  Stock number: PCF36621A

Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 53 of 61 PageID #:167



I am waiting to hear from you urgently, before this car is sold to another customer.

Mr. Leonard Nyamusevya
Tel: (614) 323-5898
P.O. Box 314
Reynoldsburg, Ohio 43068
U.S.A.

From: CarGurus <cargurus@mail.cargurus.com>
Sent: Wednesday, July 16, 2025 11:37 AM
To: nyaleo@hotmail.com <nyaleo@hotmail.com>
Subject: Your CarGurus car shopping summary

USED CARS          NEW CARS          FINANCING          SELL MY CAR

CarGurus

Hi leonard,
We sent your message to Terry Henricks Chrysler Dodge Jeep RAM!

 Outlook

## Re: [EXTERNAL] Fw: Your CarGurus car shopping summary - Progressive Claim 24-999926045

**From** Chyna Moorman <Chyna_Moorman@progressive.com>
**Date** Mon 7/21/2025 8:57 AM
**To** Leonard Nyamusevya <nyaleo@hotmail.com>

Good morning Mr.Nyamusevya,

I will use this email to respond to your last two.

For the comparable vehicles, as I mentioned and outlined clearly in my past emails, which you quoted directly, for a comparable vehicle to be eligible for review to Mitchell/JD Power it must meet <u>all</u> of the criteria listed. Not just being model year 1988 or newer, but also same year, make, and model as the loss vehicle, including equipment details, etc. The comparable vehicle you submitted, the 2009 Chevy Suburban was not the same year as the totaled vehicle(2001) and as such was eligible for submission.

In terms of the value presented in the settlement, I will again advise that it is the market value or actual cash value of the vehicle that is reflected in the settlement amount. When your vehicle is deemed a total loss, we do not owe the replacement, retail, or sticker value of the vehicle, just the market value. The document submitted by you is not a comparable listing that I can submit to JD power/Mitchell and only serves to theorize on the potential retail value of the vehicle. Again, we only owe you the market value of the vehicle.

If you have alternative comparables that you would like to submit, please do so and I am happy to review them and submit them to Mitchell for review as well.

Thank you,

Chyna Moorman
Claims Generalist
Progressive Group of Insurance Companies
PO Box 94670
Cleveland, OH 44101-9919
P: 443-425-3703
F: 844-268-4650
Chyna_Moorman@progressive.com

## TRUE TO OUR NAME.

*Progressive.*

The contents of this e-mail and any attachments are confidential and may be legally privileged, intended solely for the addressee. If you are not the intended recipient, be advised that any use, dissemination, distribution, storage (including electronic) or copying of this e-mail is strictly prohibited. If you receive this e-mail in error, please notify the sender immediately by reply e-mail and destroy the message and its attachments.

**From:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Sent:** Sunday, July 20, 2025 8:29 PM
**To:** Chyna Moorman <Chyna_Moorman@progressive.com>
**Subject:** [EXTERNAL] Fw: Your CarGurus car shopping summary - Progressive Claim 24-999926045

From Mr. Leonard Nyamusevya

To Progressive Insurance Company

Re: J.D. Power Used Car Value for 2001 Chevy Suburban 1500

The average used car value for 2001 Chevy Suburban 1500 with 290,000 miles is $4,225 and not $2,977.96

There are more companies that provide the same car valuation service as J.D. Power.
Your best option is to provide a low offer to settle misusing J.D. Power information.

Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 55 of 61 PageID #:169

 **Outlook**

## Re: Progressive Claim #24-999926045

**From** Roger Haynes <Roger_Haynes@progressive.com>
**Date** Tue 9/30/2025 8:26 AM
**To** Leonard Nyamusevya <nyaleo@hotmail.com>

Leonard,

Do you have any comparable vehicles that are the same year as yours? They will not accept a 2004 when your vehicle was a 2001.

## Roger Haynes

Claims Generalist Associate
841 Cromwell Park Dr, Suite 150
Glen Burnie, MD 21061
Office: 410-412-9187 / Fax: 844-268-4650/ Email: roger_haynes@progressive.com
My Hours of Availability: Monday-Friday 8am-5pm

### TRUE TO
### OUR NAME.

*Progressive*

The contents of this e-mail and any attachments are confidential and may be legally privileged, intented soles for the addressee. If you are not the intended recipient, be advised that any use, dissemination, distribution, storage, (including electronic) or copying of this e-mail is strictly prohibited. If you receive this e-mail in error, please notify the sender immediately by reply e-mail and destroy this message and its attachments.

---

**From:** Leonard Nyamusevya <nyaleo@hotmail.com>
**Sent:** Thursday, September 25, 2025 10:37 PM
**To:** Roger Haynes <Roger_Haynes@progressive.com>
**Subject:** [EXTERNAL] Re: Progressive Claim #24-999926045

https://www.carfax.com/vehicle/1GNEC16Z24J222247?
mlu=XEmrfMemFZC4uokUkC1W19mmPnl&model=Suburban+1500&mlt=JhW9Q1d23wV7mo-
l_HZnkQYhy52A9LUC&pid=email&is_retargeting=true&make=Chevrolet&et_id=14935727&yea
r=2004&deep_link_value=vdp%2F1GNEC16Z24J222247&partner=UEA_G&c=First_Lead&refer
rer=af_tranid%3DGYpP2detXdEoz9Uk78Gpqw%26af_r%3Dhttps%3A%2F%2Fcarfax.com%2F
vehicle%2F1GNEC16Z24J222247%26c%3DFirst_Lead%26pid%3Demail%26deep_link_value
%3Dvdp%252F1GNEC16Z24J222247&no_ul=1#lead-form

Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 56 of 61 PageID #:170

 **Outlook**

**Jennifer Jones text message**                    *EXHIBIT    14*

**From** Leonard Nyamusevya <nyaleo@hotmail.com>
**Date** Mon 12/22/2025 10:21 AM
**To**   Leonard Nyamusevya <nyaleo@hotmail.com>


Progressive Direct Insurance Co
Claim: 24-999926045
Reply STOP to unsubscribe. Msg&Data rates may apply.
Rep: JENNIFER JONES
Rep Phone Number: 240-772-3016

Hello Leonard Nyamusevya, my name is Jennifer Jones and I have been assigned to handle
the above referenced claim. I tried to give you a call but could not get through to you. Please
respond to this message with the best time to call you so we can discuss the claim as well as
with any photos you have of your vehicle damages and any other information pertaining to your
claim. I am available M-F 8:00am - 5:00pm. My direct dial is 240-772-3016 Email:
JJones76@Progressive.com



Case: 1:25-cv-14924 Document #: 9 Filed: 12/23/25 Page 58 of 61 PageID #:172



ISSUING COUNTY    FRANKLIN
ISSUING TITLE OFFICE #  2504
RESIDENT COUNTY   FRANKLIN

# STATE OF OHIO
## DUPLICATE

TITLE No. 25 1892 6804
ISSUE DATE  10/27/2025

**IDENTIFICATION NUMBER**
**3GNFK16T01G187160**

YEAR  2001

MAKE  CHEV

MAKE DESCRIPTION  CHEVROLET

**CONVERSION**

MILEAGE  **199,670**

BODY TYPE  SW

MODEL DESCRIPTION  SUBURBAN

**EVIDENCE**
OH-2516384478

MILEAGE NOTATION  **ACTUAL**

**COMMENTS**

PURCHASE PRICE  $0.00

TAX  $0.00

**NOTATION(S)**

EXHIBIT 15

**OWNER(S)**
**LEONARD NYAMUSEVYA**

**2064 WORCESTER CT**
**COLUMBUS, OH 43232**

**PREVIOUS OWNER(S)**
GENE W. THORNE

7320 WINCHESTER RD
CARROLL, OH 43112

WITNESS MY HAND AND OFFICIAL SEAL THIS 27TH DAY OF OCTOBER, 2025

%231781256



%231781256

MARYELLEN O'SHAUGHNESSY
CLERK OF COURTS          G          CLC

CLC

TITLE DOCUMENT CONTAINS OHIO WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT

BMV 3800 1/19 [760-1503]

*(Left margin, vertical):* ERASURES AND ALTERATIONS VOID THIS TITLE

*(Right margin, vertical):* ERASURES AND ALTERATIONS VOID THIS TITLE

 Outlook

[Draft] **Answer: Re: Progressive on behalf of Progressive Direct Insurance Company Claim #24-999926045**

| | |
|---|---|
| **From** | |
| Draft saved | Mon 7/14/2025 1:05 PM |
| **To** | Chyna Moorman <Chyna_Moorman@progressive.com> |

**EXHIBIT 16**

From Mr. Leonard Nyamusevya

To Progressive Insurance Company
Attention Chyna Moorman

Re: Please stop harassing me and causing me to suffer gross emotional distress while you have taken my car Progressive Direct Insurance Company Claim #24-999926045

Dear Progressive Insurance Company and Chyna Moorman

Good afternoon!

I had been mourning the 09/02/2024, death of my son because Progressive Insurance Company denied to give me a rental car to move my son to a safer place, by removing him in Cook County, in Forest Part, in Chicago, in the State of Illinois.

Progressive Insurance Company is responsible for causing the death of my son.

1. I am not an employee of Progressive Insurance Company.

2. I have convincing evidentiary facts that I already submitted to Progressive Insurance Company the photos of the content of my car, which are in possession and custody of Progressive Insurance Company. Stop humiliating me! Stop aggravating my sufferings! I do not have my car because of Progressive Insurance Company. Stop causing me to suffer gross emotional distress while you have taken my car and now I do not have any transportation.

3. Progressive Insurance Company caused me to suffer financial losses and malnourishment and starvation. Progressive Insurance Company had taken all the repair receipts for my car, which were paid by my now deceased son.

4. Progressive Insurance Company should stop asking me the receipt for my electrical meters, while Progressive Insurance Company had taken the content of my car and paperwork and receipts and progressive knows exactly the kind and Fluke brand of the electrical meter to buy for me.

5. Jennifer and her supervisor should give you the photos and receipts you are asking for, which are indisputably and convincingly in possession and custody of Progressive Insurance Company.

6. 42 U.S.C. 1983 blocks Progressive Insurance Company from depriving, taking, seizing, usurping and confiscating my car without just compensation.

This matter is heading straight to an arbitrator of a U.S Federal District Court in Chicago, in the State of Illinois.

Your good understanding to this serious matter will be appreciated.

Yours sincerely,

Mr. Leonard Nyamusevya
Tel: (614) 323-5898
P.O. Box 314
Reynoldsburg, Ohio 43068
U.S.A.